W. R. DUXBURY v. WILLARD BOICE and Others.[1]

70 113
71 72

November 11, 1897.

Nos. 10,745—(98).

Action to Set Aside Conveyance for Fraud—Statute of Limitations—
  G. S. 1894, § 5136, Subd. 6.

An action by a judgment creditor to set aside a conveyance by his debtor on the ground that it was executed with intent to defraud creditors is one "for relief on the ground of fraud," and the limitation of the time within which such an action must be brought is that prescribed by G. S.

[1] Reported in 72 N. W. 838.

1894, § 5136, subd. 6, to wit, within six years after "the discovery by the aggrieved party of the facts constituting the fraud."

Same—Proof of Discovery of Fraud—Equity—Diligence—Burden of Proof.

When such an action is brought more than six years after the commission of the acts constituting the fraud, it is incumbent on the plaintiff to allege and prove that he did not discover the fraud until within six years before the commencement of the action. This provision of the statute being borrowed from equity, it must be construed in accordance with the equitable principle which required the defrauded party to be diligent, and which deemed means of discovery as equivalent to actual discovery. The facts constituting the fraud are deemed to have been discovered when, with reasonable diligence, they could and ought to have been discovered. Hence the burden is on the plaintiff to prove not merely that he did not discover the facts constituting the fraud until within six years before the commencement of the action, but also that his failure to discover them sooner was consistent with reasonable diligence on his part, and not the result of his own negligence.

Appeal by defendant Clayton S. Boice from an order of the district court for Fillmore county, Whytock, J., denying a motion for a new trial after judgment for plaintiff. Reversed.

The seventh assignment of error is as follows:

The court erred in refusing to order judgment for the appellant on motion at the close of the plaintiff's testimony on the grounds stated, that it appears that the appellant paid an adequate consideration for the land, and no fraud had been shown. 2nd. That the respondent and his assignor had conveyed to appellant part of the land with full knowledge of the facts, confirming title in him.

*Wells & Hopp*, for appellant.

In an action to set aside a conveyance intended to defraud creditors, the property alleged to be transferred ought to appear by the complaint to be of substantial value. Baze v. Arper, 6 Minn. 142 (220). The complaint ought to have shown also that plaintiff was a creditor at the time of the conveyance. Bloom v. Moy, 43 Minn. 397. The action, having been brought for relief on the ground of fraud, was barred after six years from the discovery of the facts constituting the fraud. G. S. 1894, § 5136, subd. 6; Humphrey v. Carpenter, 39 Minn. 115. If the operation of the statute was suspended because of plaintiff's ignorance of the fraud, the complaint

ought to have shown the facts relating to the discovery. Humphrey v. Carpenter, supra. He must not only allege but prove such facts. Morrill v. Little, 53 Minn. 371. Plaintiff may not delay until he has discovered facts that must establish the fraud. Bump, Fraud. Conv. § 557. Notice of facts and circumstances which, if investigated would lead to such discovery, is sufficient. Board v. Smith, 22 Minn. 97. A party is barred after a discovery of facts sufficient to put a person of ordinary intelligence and prudence on inquiry. Boyd v. Blankman, 29 Cal. 20. Oakley discovered the fraud when he had notice of the deed. Laird v. Kilbourne, 70 Iowa, 83; Berkey v. Judd, 22 Minn. 287, 299. The means of knowledge are equivalent to knowledge. Norris v. Haggin (Cal.) 28 Fed. 275; Taylor v. South (Ala.) 13 Fed. 152. The statute runs from the time when he could have perfected his cause of action, not when he does perfect it. 13 Am. & Eng. Enc. 726. A party cannot stop the running of the statute by his own negligence or by any arrangement for his convenience. Steele v. Steele, 25 Pa. St. 154.

Creditors aggrieved by a fraudulent conveyance may either affirm or avoid it, but they cannot do both. Bump, Fraud. Conv. §§ 458, 459; Hathaway v. Brown, 22 Minn. 214. By a general denial plaintiff may deny the sale and under it may introduce evidence tending to disprove any act necessary to such sale. Tupper v. Thompson, 26 Minn. 385. The court erred in rejecting proof offered by the defendant to show the invalidity of the execution sale of the property in controversy. 2 Freeman, Ex. § 285 c; Baylies, Code Pl. 231; 1 Am. & Eng. Enc. Pl. 829, and cases; Caldwell v. Bruggerman, 4 Minn. 190 (270). Publication of notice is required by the statute and therein the description of the property to be sold should be definite and certain. Herrick v. Ammerman, 32 Minn. 544; Herrick v. Morrill, 37 Minn. 250; 2 Freeman, Ex. § 285 a.

If the evidence is so conflicting that no conclusion can be reached, the transaction must be sustained. Bump, Fraud. Conv. § 599. But fraud is not presumed in conveyances made between relatives or persons standing in confidential relations. Allen v. Kirk, 81 Iowa, 658; Weed v. Bowman, 82 Iowa, 762; Stevens v. Breen, 75 Wis. 595; Austin v. Bomman, 81 Iowa, 277. Nor is it in itself any evidence of a fraudulent intent. Lane v. Starr, 1 S. D. 107; Patter-

son v. Johnson, 59 Iowa, 397. If Willard sold with intent to delay creditors, that would not affect Clayton's title unless he had previous knowledge of such intent. Leqve v. Smith, 63 Minn. 24. No conveyance or charge is fraudulent as against creditors, solely for lack of a valuable consideration. G. S. 1894, § 4224.

*H. S. Bassett* and *F. A. Duxbury*, for respondent.

An assignment that the court erred in making several rulings, without designating which of them constitutes error, as required by rule 9, is too general and raises no question. Duncan v. Kohler, 37 Minn. 379; Smith v. Kipp, 49 Minn. 119. If, in the absence of a necessary allegation, a fact only provable under such an allegation has been litigated by consent, the defendants cannot complain. Hubbard v. Healy, 96 Wis. 578. By showing that the party having the cause of action was ignorant of the fraud up to within less than two years before bringing suit the complaint states facts sufficient to relieve the case of the ban of the statute and is not demurrable on that ground. Erickson v. Quinn, 47 N. Y. 410. When such an objection is raised only after the cause is called for trial or after verdict and judgment, the court will not favor it, and will, if possible, sustain the complaint. McArdle v. McArdle, 12 Minn. 53 (98); Trebby v. Simmons, 38 Minn. 508; Eastman v. St. Anthony, 12 Minn. 77 (137). The assignments not specifying as error the finding that Oakley had no knowledge of the fraud, appellants are concluded by it. Smith v. Kipp, supra.

A judgment creditor has his choice of several remedies against land conveyed in fraud of his rights. Erickson v. Quinn, supra; Jackson v. Holbrook, 36 Minn. 498; Lane v. Innes, 43 Minn. 137; Gilbert v. Stockman, 76 Wis. 62; Smith v. Conkwright, 28 Minn. 23. An action to remove a cloud created by fraud is not an action for relief on the ground of fraud. Bausman v. Kelley, 38 Minn. 197; Sanborn v. Eads, 38 Minn. 211; Miner v. Beekman, 50 N. Y. 337. The conveyance being fraudulent and hence void, a lien attached to the property immediately upon the creditor's obtaining judgment against the grantor, and this lien the creditor is entitled to enforce. Chautauque v. Risley, 19 N. Y. 369; Erickson v. Quinn, 15 Abb. Pr. (N. S.) 166; Tupper v. Thompson, 26 Minn. 385; Campbell v.

Jones, 25 Minn. 155; Jackson v. Holbrook, supra; Wadsworth v. Schisselbauer, 32 Minn. 84; Kumler v. Ferguson, 22 Minn. 117; Hager v. Shindler, 29 Cal. 48; Eastman v. Schettler, 13 Wis. 362; Rounds v. Green, 29 Minn. 139. That the conveyance was void is established by proof that it was fraudulent, and to show that fact recourse may be had to either an action at law or a suit in equity. Jackson v. Holbrook, supra; Campbell v. Jones, supra; Smith v. Conkwright, supra; Tupper v. Thompson, supra. No creditor having a statutory lien by judgment can be compelled to take the equitable remedy. Erickson v. Quinn, supra; Jackson v. Holbrook, supra; Tupper v. Thompson, supra; O'Brien v. Browning, 49 How. Pr. 109, 113; Warden v. Browning, 12 Hun, 497.

Abandonment of an assignment that the court erred in refusing to order judgment on defendant's motion at end of plaintiff's case is to be inferred from appellant's failure to argue it in his brief. Moody v. Tschabold, 52 Minn. 51; Smith v. Bean, 46 Minn. 138. Following such a refusal the defendant's testimony goes into the case, so that all the evidence being before the court the judgment cannot be reversed on account of the ruling. Berkey v. Judd, 22 Minn. 292; Keith v. Briggs, 32 Minn. 185; Frederickson v. Singer, 38 Minn. 356. A quitclaim deed of a party in his individual capacity will not operate in law as a confirmation of a fraudulent transfer, of which he had no knowledge, and as a satisfaction of a lien which he holds in his representative capacity against a different interest. Jordan v. Secombe, 33 Minn. 220; Warner v. Foote, 40 Minn. 176.

A general assignment of error is insufficient to call in question the correctness of any one or more of several specific findings of fact. Smith v. Kipp, supra; Moody v. Tschabold, supra; Dallemand v. Swenson, 54 Minn. 32; Malmgren v. Phinney, 65 Minn. 25.

MITCHELL, J.

This action as originally commenced was brought by the plaintiff, a judgment creditor of the defendant Willard Boice, to set aside as fraudulent and void as to creditors of the grantor a conveyance from Willard to the defendant Clayton S. Boice, and to subject the granted premises to the payment of the judgment. During the pendency of the suit the plaintiff issued execution, and sold the

premises on his judgment. Thereupon he served a supplemental complaint setting up these facts, and demanding the same relief as prayed for in his complaint. The judgment which constituted the basis of plaintiff's action was rendered in favor of one Oakley in July, 1884, and by him assigned to the plaintiff in October, 1891. The debt upon which the judgment was rendered matured in September, 1878. The conveyance sought to be set aside was executed in September, 1881, and duly recorded on October 1 of the same year.

This action was commenced in June, 1893, nearly twelve years after the alleged fraudulent conveyance, and nearly nine years after the rendition of the judgment. The allegation in the complaint as to the discovery of the fraud is that "the aforesaid William Oakley had no knowledge of the aforementioned fraudulent transfer prior to said assignment of said judgment" (October, 1891). The answer of the defendants admitted the conveyance, but denied the fraud, and pleaded the statute of limitations. Upon the trial, when the plaintiff rested, the defendants moved a dismissal of the action on the ground, among others, that "the plaintiff has shown that he is not entitled to equitable relief." While this language is not very apt, we construe it as meaning that the plaintiff had failed to establish a cause of action. The court reserved its decision on this motion, to which ruling the defendants excepted, and then proceeded to introduce their evidence, as they were compelled to do unless they saw fit to rest on their motion, which they were not obliged to do.

When the evidence closed, the court made findings, among others, that the conveyance was made without consideration and with intent to defraud the creditors of the grantor, and that Oakley had no knowledge of the intent or of the fraudulent character of the conveyance. This last finding is silent as to time, but we shall assume, in favor of the plaintiff, that it was intended to be responsive to the allegations of the complaint and means prior to the assignment of the judgment to the plaintiff in 1891.

Inasmuch as the assignments of error are somewhat peculiar, and the brief does not always follow the assignments, we have been rather perplexed in determining just what questions are available to the defendants. It is sufficient to say that we are of opinion that the seventh assignment raises the question of the correctness of the

action of the court in refusing to dismiss on the ground that the plaintiff had failed to establish a cause of action. This would entitle the defendants to challenge the sufficiency of the evidence to establish each and all of the facts necessary to maintain plaintiff's cause of action, although there are no assignments of error which directly challenge the findings themselves. The brief discusses the sufficiency of the evidence, although not with express reference to the refusal of the court to dismiss. There was ample evidence to justify the finding that the conveyance was executed without consideration, and with intent to defraud creditors. It is true that this was not the case when the plaintiff rested, but the deficiency was subsequently supplied.

The only questions which we find it necessary to consider relate to the statute of limitations. The action, under both the original and the supplemental complaints, was one "for relief on the ground of fraud," and therefore the limitation applicable is that prescribed by G. S. 1894, § 5136, subd. 6, to-wit, within six years after "the discovery by the aggrieved party of the facts constituting the fraud." The facts constituting the fraud were the conveyance by the debtor with intent to defraud his creditors. When an action for relief on the ground of fraud is not commenced until more than six years after the commission of the acts constituting the fraud, the burden is on the plaintiff to allege and prove that he did not discover the facts constituting the fraud until within six years before the commencement of the action. Humphrey v. Carpenter, 39 Minn. 115, 39 N. W. 67; Morrill v. Little, 53 Minn, 371, 55 N. W. 547. This is analogous to the old equity rule, and is bottomed on common sense and sound principle. The question is, what constitutes a "discovery" within the meaning of the statute? Mere constructive notice of the deed by reason of its being filed for record is not notice of the facts constituting the fraud. Berkey v. Judd, 22 Minn. 287.

To ascertain what constitutes "a discovery of the facts constituting the fraud," reference must be had to the principles of equity in which this provision had its origin, and which the legislature must be presumed to have had in mind when they enacted the statute. In granting relief on the ground of fraud the foundation

principle of courts of equity was that the party defrauded is not affected by the lapse of time so long as he remains, without any fault of his own, in ignorance of the fraud that has been committed. Rolfe v. Gregory, 4 De Gex, J. & S. 576. But equity aided the diligent, and not the negligent. It was opposed to stale claims, and would not permit a party to prolong, by his own laches, the time during which he might apply for relief. Hence, in actions in equity, the rule was that the means of knowledge were equivalent to actual knowledge; that is, that a knowledge of facts which would have put an ordinarily prudent man upon inquiry which, if followed up, would have resulted in a discovery of the fraud, was equivalent to actual discovery. Hence, in equity, where there was no statute of limitations, but merely an application of the doctrine of laches, the burden was on the plaintiff not merely to prove that he did not, in fact, discover the fraud until within a reasonable time before he filed his bill, but also to show by the facts and circumstances connected with the fraud and its discovery that his failure to discover it sooner was consistent with reasonable diligence on his part, and not the result of his own negligence.

The English statute of 3 & 4 Wm. IV. c. 27 (section 26), which was the first statute of limitations applicable to suits in equity, adopted in express terms this equitable principle in the following language, viz.:

The cause of action is "deemed to have first accrued at and not before the time at which such fraud shall or with reasonable diligence might have been first known or discovered."

Some of our American statutes contain the same or similar language, while others like our own merely provide that the cause of action shall not be deemed to have accrued (for the purposes of this limitation) until the discovery of the facts constituting the fraud. But in every instance, so far as we are aware, the courts have construed such statutes in accordance with the equity rule, and hold, without reference to the particular language used, that the means of discovery are equivalent to actual discovery, and that a party must be deemed to have discovered the fraud when, in the exercise of proper diligence, he could and ought to have discovered it. That was the construction put upon our own statute by this court in

Board v. Smith, 22 Minn. 97. Among the numerous cases to the same effect are Fritschler v. Koehler, 83 Ky. 78; Norris v. Haggin, 28 Fed. 275; Wood v. Carpenter, 101 U. S. 139; and Parker v. Kuhn, 21 Neb. 413, 32 N. W. 74. Tested by this rule, the evidence was wholly insufficient to sustain the burden of proof which was cast upon the plaintiff.

There is a total absence of testimony tending to prove that Oakley, the original judgment creditor, did not have actual knowledge of the fraudulent character of the conveyance before he assigned to plaintiff, and more than six years before the commencement of this action; or that, if he had not such knowledge, his ignorance was not the result of his own negligence. On the contrary, all the circumstances disclosed by the evidence tend to show that, if he had exercised any sort of diligence, he would and must have discovered the fraudulent character of this conveyance long before he assigned to plaintiff. He obtained the judgment as administrator, and hence his official duty required him to use reasonable diligence to collect it. The deed was on record, and he admits that he heard of its execution. He lived in the same neighborhood with the defendants, and within about two miles of the land in question. He was a brother-in-law of the grantor (as also is the plaintiff), and presumably was somewhat acquainted with his financial circumstances. He knew that the grantor and the grantee were brothers. He also admits that his judgment debtor was unable to pay him, and that he did not know then nor since whether he had any nonexempt property after making this conveyance. And there is not the faintest suggestion anywhere in the evidence that he made any investigation as to the character of, or the consideration for, the conveyance. We call special attention to his own testimony (which is the only direct evidence on the subject) to show that he does not even deny knowledge of the fraudulent character of the conveyance. He merely says that he does not know "whether the money passed in that transfer."

The evidence was wholly insufficient to prove that the facts constituting the fraud were not discovered, or were not discoverable, until

within six years before the action was commenced.    This deficiency was not supplied after the plaintiff rested.

Order reversed, and new trial granted.