John William KASSAN, Appellant,

v.

Michael George KASSAN, Sr., a.k.a. Michael Kasson, et al., Respondents.

No. C8–86–1104.

Court of Appeals of Minnesota.

Feb. 3, 1987.

Review Denied April 23, 1987.

Considered and decided by
FORSBERG, P.J., and SEDGWICK and
HUSPENI, JJ., with oral argument
waived.

## OPINION

FORSBERG, Judge.

This is an action for money and punitive damages for fraud, misrepresentation and inadequate disclosure relating to the settlement of appellant's mother's estate and various business dealings between appellant and respondent. A prior suit by appellant against respondent alleging the same and similar causes of action was commenced in Dakota County in July of 1981. Respondent was granted summary judgment in that case in March of 1982.

Subsequent to dismissal of the first lawsuit, appellant obtained an ex parte order appointing him special administrator of the estate of Mary Kassan, and then commenced the present pro se action against respondent in Hennepin County on December 5, 1985. Respondent moved for summary judgment in Hennepin County District Court and filed a petition for removal of appellant as special administrator of the estate in Hennepin County Probate Court. The district court and probate court cases were consolidated by order of January 23, 1986.

The trial court granted respondent's motion for summary judgment and approved the removal petition by judgment entered March 26, 1986. On May 22, 1986, the trial court denied appellant's motion for a new trial, further relief and attorney's fees. Notice of appeal was timely filed on June 6, 1986.

## FACTS

The facts and transactions giving rise to appellant's alleged cause of action arose during the period of the late 1940's and early 50's. During this time appellant, respondent, their brother and mother Mary Kassan (both now deceased) were involved in business enterprises organized for profit

James C. Lundquist, Hyatt Legal Services, Maplewood, for appellant.

Vance B. Grannis, Jr., Grannis, Grannis, Farrell & Knutson, P.A., South St. Paul, for respondents.

in the purchase, development, and sale, principally, of real estate. The primary corporation used for these purposes was the "Kassan Co.," a corporation organized in 1947. Appellant and respondent were also engaged in the same kind of business as general partners, under a partnership formed in 1945.

During the period in question, these businesses engaged in numerous transactions of a very complex and detailed nature. The interrelationship of the various transactions among the corporation, the partnership and the parties involved is at this point obscure. The business methods, procedures of funding and flow of consideration between the various parties is not clear.

In 1951 the partnership was dissolved and a final audit made, together with a financial statement prepared by the accounting firm for the partnership. No objection was made to that accounting. All of the partnership's ledgers, records, and documents were stored in the attic of the mother's house in Minneapolis after 1952. During the period of administration of the mother's estate, commencing in 1961, appellant allegedly requested respondent to report any omitted assets. Apparently, appellant and his mother, for at least 8 years prior to her death, suspected mishandling and concealment of improper dispositions of her assets by respondent.

No affirmative action was taken by appellant to resolve these suspicions until July of 1981, when he filed a lawsuit against respondent. The complaint alleged that certain business practices of respondent, including erroneous and fraudulent accounting entries, had depleted Mary Kassan's estate of its assets. The complaint requested an accounting of the various business ventures in which appellant and respondent had been engaged, a general accounting of all dealings and transactions among appellant, respondent and the estate, and a prayer for compensatory and punitive damages.

Respondent moved the trial court for summary judgment. Based on a determination that appellant's cause of action was barred by the statute of limitations and laches, the motion was granted and judgment entered March 22, 1982. Appellant subsequently moved for a rehearing on the matter, which motion was denied. Appellant did not appeal either order, but obtained an ex parte order appointing him special administrator of Mary Kassan's estate. Under this order, appellant was authorized to "commence and conduct good faith litigation on behalf of the estate in order to collect omitted or incorrectly described property for the benefit of the estate." In December of 1985, appellant filed this lawsuit, presenting essentially the same claims as the 1981 lawsuit. The complaint alleged various actions by respondent constituting misrepresentation, breach of fiduciary duties, fraud and mismanagement in relation to the estate of Mary Kassan and in various business dealings between appellant and respondent.

Respondent moved for summary judgment and petitioned for removal of respondent as special administrator of Mary Kassan's estate. The trial court, finding that the 1982 orders adjudicated all the issues involved in the controversy which the special administrator was authorized to pursue, and that the present action covered the same transactions and subject matter and therefore said orders were res judicata of all issues presented, granted respondent's motion and awarded respondent attorney's fees by order dated March 26, 1986. Appellant did not appeal these rulings, but moved the trial court for a new trial. That motion was denied based upon the statute of limitation, laches, and res judicata. Appellant appeals these latest rulings of the trial court.

## ISSUE

Did the trial court err in granting summary judgment and dismissing appellant's suit because the claims were barred by the statute of limitations, laches, and res judicata?

## ANALYSIS

Although this case comes to this court on denial of a motion for a new trial,

there was never a trial in this case. The matter was heard in the trial court as a motion for summary judgment and to remove the special administrator of Mary Kassan's estate. Since the appeal is taken from an order denying a new trial when there was no actual trial, it is in the nature of a motion to vacate the summary judgment, and an order denying such a motion is nonappealable. *Parson v. Argue*, 344 N.W.2d 431 (Minn.Ct.App.1984). However, this court has chosen to read appellant's notice of appeal broadly and construe it to include appeal from the entry of summary judgment. Since the notice of appeal states that appeal is taken from the "order" as entered on March 26 and in fact judgment was entered on that day, the order for summary judgment was attached to the notice of appeal, such a construction is fair and reasonable. In addition, review by this court is desirable in this case, which involves repeated attempts to bring actions barred by the statute of limitations, laches, and res judicata. Dismissal of this action on technical procedural grounds would not deter further frivolous actions nor establish with needed emphasis that appellant's actions cannot stand.

## I.

The statute of limitations applicable to appellant's claims is § 541.05, which states:

The following actions shall be commenced within six years:

(1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;

\* \* \* \* \* \*

(5) For criminal conversation, or for any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated;

(6) For relief on the grounds of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;

\* \* \* \* \* \*

Minn.Stat. § 541.05 (1984). Here, all of the alleged acts of respondent constituting the claims asserted in this action occurred either during business relations between appellant and respondent which ended on or prior to 1952, or during the time of the final accounting of Mary Kassan's estate in 1962. Because they accrued well over six years ago, these claims are barred by Minn.Stat. § 541.05.

Appellant, however, presents a claim of alleged fraud, which cause of action does not accrue until the facts constituting the fraud are discovered. Minn. Stat. § 541.05(6). In *Bustad v. Bustad,* 263 Minn. 238, 116 N.W.2d 552, 553 (1962) the Minnesota Supreme Court reaffirmed Mr. Justice Mitchell's construction of the statute:

[T]he facts constituting the fraud are deemed to have been discovered when, with reasonable diligence, they could and ought to have been discovered. The mere fact that the aggrieved party did not actually discover the fraud will not extend the statutory limitation, if it appears that the failure sooner to discover it was the result of negligence, and inconsistent with reasonable diligence.

*Id.* at 242, 116 N.W.2d at 555, citing *First Nat'l Bank of Shakopee v. Strait,* 71 Minn. 69, 72, 73 N.W. 645, 646 (1898). It has been further held that the burden is on the plaintiff to allege and prove that he did not discover the facts constituting the fraud until within six years before the commencement of the action. *Blegen v. Monarch Life Insurance Co.,* 365 N.W.2d 356, 357 (Minn.Ct.App.1985) *citing Duxbury v. Boice,* 70 Minn. 113, 120, 72 N.W. 838, 839 (1897).

Here, as the above statement of facts indicates, appellant had actual or constructive knowledge of all the respondent's alleged acts prior to 1962. Appellant admitted in his testimony to the court that he questioned the honesty and legality of respondent's actions, and was aware of alleged improprieties as far back as 1951. Appellant argues that he was unable to obtain specific proof of the fraud until

1982. Appellant, however, took no action to obtain specific proof or discover specific grounds for his suspicions until 1981, and filed no formal action against respondent on these grounds until that time.

■ Clearly, appellant's admitted suspicions about his brother triggered the running of the statutory time limit. His failure to act on them until 30 years later does not excuse him from the statute's constraints. Neither are there any reasons justifying forgiveness of the statutorily imposed limits on bringing this claim. The *Bustad* case is again on point here:

> The salutary purpose of the statute of limitations is nowhere more forcefully demonstrated than here. This action was not commenced until after 22 years had elapsed from the time the first cause of action arose. Memories have grown dim, records have been misplaced, witnesses are no longer available. This is not a situation akin to that in the Fallon case, where a sister had no reason to make demand or doubt the integrity of an older brother over an extended period of time. Here both parties were operating in the same or competitive businesses, were fully aware of the transactions which gave rise to these claims, and dealt with each other at arm's length for a great many years. * * * To hold that under these circumstances plaintiff's claims, which in any view of the matter accrued no later than 1946, are not barred in the year 1960, would render the statute of limitations meaningless. We do not choose to depart from a well-founded policy which discourages the instituting of lawsuits based on claims which have long since become stale, if not moribund.

*Bustad*, 263 Minn. at 243–44, 116 N.W.2d at 556. The same reasoning is easily applied to this case to bar claims which accrued well over 20 years ago.

■ Respondent has requested attorney's fees under Minn.Stat. § 549.21 (1986), which authorizes an award of attorney's fees where a party or attorney against whom the fees are charged acted in bad faith, asserted a costly and frivolous claim, or asserted an unfounded position solely for reasons of delay or harassment. The trial court awarded respondent $300.00 in attorney's fees. This award is affirmed with instructions to respondent to submit an accounting of additional fees incurred on appeal to the trial court for a redetermination of the attorney's fees award.

## DECISION

The trial court was correct in granting of summary judgment based on a determination that appellant's claims were barred by the statute of limitations.

Affirmed.