JAMES K. HUMPHREY vs. CEPHAS W. CARPENTER and another.

July 9, 1888.

| 39 | 115 |
|----|-----|
| 40 | 507 |
| 39 | 115 |
| 46 | 208 |
| 39 | 115 |
| 53 | 378 |
| 39 | 115 |
| 70 | 119 |
| 71 | 72 |

Limitation of Actions—Dismissal—Leave to bring New Action after Period of Limitation.—Upon the dismissal of an action, the court has no authority to extend the time for bringing a new action for the same cause beyond the time limited by the statute. The courts have no power to modify or extend the periods of limitation fixed by Gen. St. 1878, c. 66, title 2.

Same—Discovery of Fraud—Action at Law.—The limitation therein provided for "actions for relief on the ground of fraud," (subsection 6, § 6, c. 66,) embraces both legal and equitable actions.

Same—Complaint—Avoidance of Bar of Statute.—In such actions, if the plaintiff claims the benefit of the provision suspending the running of the statute until the discovery of the fraud, he must set up affirmatively the facts in relation to the discovery thereof in his complaint.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin*, J., presiding, sustaining a demurrer to the complaint.

*Frank Ford* and *Pinch & Twohy*, for appellant.

*Flandrau, Squires & Cutcheon*, for respondents.

VANDERBURGH, J. This action is brought for damages for fraud in the sale of certain shares of stock to the plaintiff. It appears on the face of the complaint that the transaction out of which the cause of action arose occurred more than six years before the commencement of this action, but the complaint alleges that upon the dismissal of a former action for the same cause, granted upon defendants' motion, the court, upon the application of the plaintiff, "forasmuch as the statute of limitations might otherwise bar the suit," granted the motion, with leave to renew the action within 30 days.

1. The court was right in holding upon this demurrer that it had no power by its order to extend the time for bringing a new action beyond the statutory limitation, and that Gen. St. 1878, c. 66, § 79, refers to matters of practice and procedure in pending actions. It was not intended to qualify or limit the effect of section 3 of the same chapter, and the courts have no power to extend or modify the

periods of limitation therein provided. Wood, Lim. 624, and cases; *Chemical Nat. Bank* v. *Kissane*, 32 Fed. Rep. 429.

2. The court decided that upon the face of the complaint in the present action "it appeared that more than six years had elapsed from the time the alleged false representations were made upon which plaintiff relies;" and the defendants contend (1) that, this being an action at law for deceit, and not a suit in equity for relief on the ground of fraud, the statute commenced running from the date of the alleged fraudulent transaction, and not from the time of the discovery of the fraud, within the meaning of Gen. St. 1878, *c.* 66, § 6, subsec. 6; and (2) that, in any event, the complaint must show on its face the discovery of the fraud within six years, in order to avoid the running of the statute.

3. The language of the statute is "actions for relief on the ground of fraud." We are of the opinion that the form of the action should not be held controlling, and that, under the general language used, actions for relief in damages, as well as actions for equitable relief, are intended. The term "action," used in the statute means "civil action," as defined in section 1, *c.* 66, which embraces both legal and equitable actions. And if an action at law for fraud is not embraced in the provisions of section 6, subsec. 6, the statute has failed to provide any limitation as respects such actions. *Boyd* v. *Blankman*, 29 Cal. 20, 44; *Claggett* v. *Crall*, 12 Kan. 393, 398; *Young* v. *Whittenhall*, 15 Kan. 579. These cases arose under statutes similar to our own.

4. In common-law actions, before the Code, the question of the statutory bar could not be raised by demurrer, but only by plea; and any matter in avoidance of the statute, or bringing the case within any exceptions therein, might be set up by the plaintiff in his replication. The rule in equity, however, was different. There the practice is well settled that if it appear on the face of the bill that the suit is barred by the statute, the defendant may demur. *Van Hook* v. *Whitlock*, 7 Paige, 373, 382; *Humbert* v. *Trinity Church*, Id. 195; Story, Eq. Pl. §§ 484, 503. The plaintiff must also set up in his complaint or bill any exceptions or affirmative matter upon which he may rely to take the case out of the operation of the statute. *Sub-*

*lette* v. *Tinney*, 9 Cal. 423; Bliss, Code Pl. § 205; *Humbert* v. *Trinity Church*, 24 Wend. 587; *Zane* v. *Zane*, 5 Kan. 134; Story, Eq. Pl. 484; Ang. Lim. § 294. Under the code practice, the equity rule has generally been adopted, except where, as in New York, a different rule is provided by statute. *Kennedy* v. *Williams*, 11 Minn. 219, (314, 320;) Bliss, Code Pl. (2d Ed.) § 355. The rule is, however, held strictly in this state, and it must affirmatively and clearly appear by the complaint that the action is barred. *McArdle* v. *McArdle*, 12 Minn. 53, (98, 106;) *Eastman* v. *St. Anthony Falls Water-Power Co.*, Id. 77, (137, 143;) *Trebby* v. *Simmons*, 38 Minn. 508, (38 N. W. Rep. 693.) But in this case plaintiff's cause of action arose immediately upon the consummation of the alleged fraud, and depends upon the commission of the fraud, and not upon the discovery of it. Presumptively, upon the face of the complaint, then, the statute began to run upon the commission of the fraud, and the complaint was demurrable upon its face, as it appeared that more than six years had since elapsed. If the operation of the statute was suspended because of the plaintiff's failure to discover the fraud, it devolved on him to set up the facts in his complaint, which he has failed to do, and the rule applies with especial force in such cases, for the reason that the time of the discovery of the fraud is necessarily a matter peculiarly within the knowledge of the plaintiff. *Young* v. *Whittenhall*, 15 Kan. 579; *Sublette* v. *Tinney, supra; Smith* v. *Richmond*, 19 Cal. 476, 481; *District Township* v. *French*, 40 Iowa, 601; Ang. Lim. § 294; *Stearns* v. *Page*, 7 How. 819; *Hoare* v. *Peck*, 6 Sim. 51.

Order affirmed, and case remanded for further proceedings.