CELIA C. BURK and others *vs.* WESTERN LAND ASSOCIATION and others.

*May 24, 1889.*

**Implied Trust—Limitation of Action.**—*Held,* that it appears upon the face of the complaint that this action, which was one to enforce an implied trust in real property, was barred by the statute of limitations.

Appeal by plaintiffs from an order of the district court for St. Louis county, *Stearns,* J., presiding, sustaining demurrers to the complaint for failure to state a cause of action.

*Warner & Lawrence, W. F. Street,* and *H. H. Grace,* for appellants.

*Ensign, Cash & Williams, Wm. W. Billson,* and *Walter Ayers,* for respondents.

MITCHELL, J. This was an action to enforce an implied trust in real property, the legal title to which was, as claimed, wrongfully conveyed by patent from the United States to defendants' grantor, in

violation of the prior vested rights of plaintiffs' ancestor, who was the original plaintiff in this action. The relief sought is to have defendants adjudged trustees of the legal title for the benefit of plaintiffs. The material allegations are that Burk, the original plaintiff, entered the land, under the pre-emption law, in September, 1858; that in October, 1858, a patent from the United States was wrongfully, and without notice to Burk, issued to defendants' grantor; that at the time of issuing the patent Burk was in the actual possession of the land, and his pre-emption claim a subsisting entry on the records of the land department, and that it was not cancelled until some time in the year 1861; that he was given no hearing or opportunity of appeal in the matter of issuing the patent or cancelling his entry, "and when the matter came to his knowledge he was advised by his attorney that he had no remedy after the issuance of the patent by the department, and has ever since rested upon that information, but that he has at no time been disturbed by adverse possessors thereof until within six years last past." This action was not commenced until January, 1887. The action was clearly barred by the seventh subdivision of section 6, *c.* 66, Gen. St. 1878, which, although not passed until 1877, is applicable to pre-existing causes of action. *Stine* v. *Bennett,* 13 Minn. 138, (153.) If there were any facts taking the case out of the statute or excusing this long delay, the plaintiff ought to have set them up. *Humphrey* v. *Carpenter,* 39 Minn. 115, (39 N. W. Rep. 67.)

It is suggested that plaintiff's possession of the premises renders the statute inapplicable, under the doctrine of *Baker* v. *Kelley,* 11 Minn. 358, (480.) As this is not a case where the statute is invoked against a defence set up by a defendant who has remained in the rightful and peaceable possession of his own property, but to a cause of action by a plaintiff seeking affirmative relief, we do not see that the case of *Baker* v. *Kelley* has any application. But the complaint does not allege any such possession. The only fair construction of its allegations is that Burk was in possession in 1858, when the patent issued, and that from that time until defendants took possession, within the last six years, the premises remained vacant and unoccupied.

We might add that, independently of any statute of limitations, the laches of the plaintiff in delaying this action almost 30 years was so gross and so entirely unexcused that no court would ever grant him relief; and in equity the rule of pleading was, if the case of the plaintiff, as stated in the bill, will not entitle him to a decree, it might be taken advantage of by demurrer. Story, Eq. Pl. § 453.

Order affirmed.