THOMAS HARDWICK v. JOHN ICKLER.[1]

December 27, 1897.

Nos. 10,895—(53).

| 71 | 25 |
|----|-----|
| f79 | 336 |

**Principal and Agent—Mortgage Loan—Failure to Investigate Title—Negligence.**

The defendant carried on the business of loan agent, and, as agent of the plaintiff to loan his money on first-mortgage security, loaned it and took a mortgage on real estate, without procuring an abstract of the title or having the title examined, and without even inquiring whether or not there was any prior incumbrance on the property. *Held*, the court was warranted in finding that defendant was guilty of negligence in making the loan.

**Same—Insolvency of Mortgagor—Finding Sustained by Evidence.**

*Held*, the evidence warrants a finding that the borrower is insolvent.

**Pleading—Answer—Statute of Limitations—Failure to Plead Defense—Waiver.**

Where the defendant answers, and fails to plead the defense of the statute of limitations, he thereby waives that defense until such time as he has amended his answer by pleading such defense, even though the complaint shows on its face that the cause of action therein stated is barred by the statute.

Appeal by defendant from an order of the municipal court of St. Paul, Orr, J., denying his motion for a new trial. Affirmed.

*Stevens, O'Brien, Cole & Albrecht,* for appellant.

*T. R. Palmer,* for respondent.

CANTY, J.

Defendant carried on the business of loan agent, acted as the agent of plaintiff in loaning his money, and, as such agent, made one loan for plaintiff of $400 on real-estate security, without demanding or obtaining an abstract of the title of the real estate, or having the title examined, or even inquiring whether or not there was any prior incumbrance on the property. He was entrusted by plaintiff with the whole matter of making the loan. It was subsequently discovered that there was a prior mortgage of

[1] Reported in 73 N. W. 519.

one thousand dollars on the property. This mortgage was afterwards foreclosed, the time to redeem expired, and no redemption was made. Plaintiff was repaid all of the money loaned except $84.29, and brought this action to recover that sum, and interest thereon, as damages for defendant's negligence in failing to exercise proper care and skill in making the loan.

On the trial before the court without a jury the court found for plaintiff, and from an order denying a new trial defendant appeals. Plaintiff alleged and proved, and the court found, that defendant agreed to loan this money on first-mortgage real-estate security.

1. We are clearly of the opinion that the evidence warrants a finding that defendant was negligent in making the loan.

2. Plaintiff alleged, and the court found, that the borrower was wholly insolvent, and the finding is assigned as error. There was no direct evidence introduced on the trial to prove this fact, but we are of the opinion that the court was warranted in finding that defendant's conduct amounted to an admission of the fact. The evidence tends to prove that some time after the loan was made, and plaintiff had discovered the existence of the prior mortgage, and after the same had been foreclosed, but before the time to redeem had expired, he, through his attorney, wrote defendant as follows:

"Mr. Hardwick desires you to take immediate action to put matters in shape so that he can collect the money."

In response to this, defendant called on plaintiff's attorney, and promised either to redeem from the foreclosure sale (which he was in position to do by reason of rights which he had acquired in the property), or, if he failed to redeem, to pay plaintiff the amount due him. He has done neither. In these negotiations both parties seemed to take it for granted that plaintiff would lose his money unless the redemption was made, and there seems to have been no suggestion to the contrary from any source until after the close of the trial. The evidence sustains the finding.

3. Plaintiff employed defendant to act as agent in loaning the money, and the loan was made in October, 1888, more than six years before the commencement of this action. This is urged as a

reason why the order appealed from should be reversed. Under the rule laid down in Trebby v. Simmons, 38 Minn. 508, 38 N. W. 693, and cases there cited, it must clearly or conclusively appear from the complaint that the cause of action therein stated is barred by the statute of limitations, or that defense is waived, unless taken by demurrer or answer, and cannot be made for the first time on the trial or after judgment. Whether the complaint in this action shows that the cause of action was barred by the statute we will not consider.

The defendant answered, but did not plead the statute, and we are of the opinion that he thereby waived that defense until such time as he had amended his answer by pleading that defense.

In the cases of Bell v. Dangerfield, 26 Minn. 307, 3 N. W. 698, and Trebby v. Simmons, supra, there was no answer, but judgment was taken in each case by default, and the objection was made after judgment. In such a case the rule may be different. But when the defendant answers, and fails to plead the defense of the statute, it should, on sound principles, be held, that he has waived the defense until his answer is amended; and the clearer it appears from the complaint that the statute has run, the clearer it appears from his answer that he intended to waive the statute by failing to plead it. So far as some of the older decisions of this court are inconsistent with this opinion they are overruled. The complaint sufficiently shows that plaintiff was damaged and the amount of his damage.

This disposes of the case, and the order appealed from is affirmed.