JOHN W. SCHMITT v. FRED HAGER and Others.[1]

January 30, 1903.

Nos. 13,269—(225).

**Statute of Limitations—Failure to Plead.**

> The defendant in both legal and equitable actions, by answering to the merits and going to trial without in any manner attempting to avail himself of the defense of the statute of limitations, waives such defense, although it appears on the face of the complaint that the statute has run. The distinction in this respect between the defense of the statute and laches noted.

Action in the district court for Brown county by plaintiff, as trustee in bankruptcy for Fred Hager, bankrupt, to vacate, as being in fraud of creditors, a transfer of real estate made by defendant Fred Hager to defendant Mary Hager, his wife. Defendant Hager alone appeared and answered. The case was tried before Webber, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendants Hager appealed. Affirmed.

*Hoidale & Somsen,* for appellants.

*H. L. Schmitt, Jos. A. Eckstein* and *J. W. Schmitt,* for respondent.

START, C. J.

This is an action by the trustee in bankruptcy of the defendant Fred Hager against him and his codefendants to set aside a conveyance to his wife because fraudulent as to his creditors.

The complaint, besides other allegations, alleges these facts: Fred Hager on October 27, 1893, was indebted to C. H. Hornburg

[1] Reported in 93 N. W. 110.

in the sum of $530, due November 1, 1894, and on March 9, 1896, he duly recovered and docketed a judgment against Hager for the balance of such indebtedness then unpaid. No part of the judgment has been paid. On October 27, 1894, Hager and his wife conveyed certain real estate owned by him to the defendant Gerhard Neeman, and he and his wife, the defendant Mary Neeman, conveyed it to Hager's wife, the defendant Mary Hager. Each of the deeds was made without consideration, and was made for the purpose of. defrauding Hager's creditors,—especially his creditor C. H. Hornburg. Hager was then, and ever since has been, insolvent, and has no other property out of which the judgment can be satisfied. The complaint does not allege when Hornburg first. discovered the fraudulent character of the conveyances, but it does allege that the trustee did not discover such fact until after May 4, 1901. This action was commenced August 3, 1901,— more than six years after the fraudulent transfer of the real estate, but less than six years after the judgment was recovered.

The defendants Fred and Mary Hager answered, alleging a defense to the action on the merits; but no attempt was made to plead the statute of limitations, nor was the question raised by demurrer nor in any other way until after the close of the evidence on the trial, unless it was raised by their objection to the admission of any evidence for the reason that the complaint does not state facts sufficient to constitute a cause of action against either of the defendants, without in any other way suggesting the question. The trial court found the facts as alleged in the complaint, and directed judgment for the relief prayed for. The judgment was so entered, and the answering defendants appealed therefrom.

The evidence received on the trial was not brought up, and the sole contention of the defendants on this appeal is that the complaint shows upon its face that the action is barred by the statute of limitations, because it appears therefrom that the action was commenced more than six years after the fraud was committed, and contains no allegation showing that the fraud was not discovered at the time it was perpetrated; hence the judgment must be reversed. It is true that an action to set aside a conveyance of

land because fraudulent as to creditors is one for relief on the ground of fraud, and that such an action must be commenced within six years after the discovery of the facts constituting the fraud. G. S. 1894, § 5136, subd. 6. It is also true that, where the fraud was committed more than six years before the commencement of the action, the complaint should allege that the facts constituting the fraud were not discovered within six years next before the commencement of the action. The question, however, here to be decided, is not whether the defendants might have availed themselves of the defense of the statute of limitations by demurrer or answer, but it is whether they waived such defense by answering to the merits, and going to trial without raising it until it was too late for the plaintiff to amend.

Counsel for the defendants concede that in actions at law the defense of the statute of limitations is waived unless pleaded, but insist that the rule is otherwise in equitable actions, and that such defense is not waived in such an action by answering to the merits and going to trial. Several decisions of this court are cited, which are claimed to support this alleged rule. It is proper, before referring to the cases cited, to note the distinction between the strictly equitable defense of laches and the absolute defense of the statute of limitations. The latter is an absolute bar to a suit in equity, as well as to one at law; and, if asserted by the defendant and sustained by proof, it must be given effect in all forms of actions without regard to the equities, for the court in such a case has no discretion. But the defense of laches is not, like the statute of limitations, exclusively a matter of time, for it is purely an equitable defense, based upon grounds of public policy, which require, for the peace of society, the discouragement of stale demands, and is addressed to the sound judicial discretion of the court, under the facts of each particular case. And the court may deny any relief in a given case, though no statute of limitations be applicable thereto, when it appears from the facts established on the trial, or admitted by the pleadings, that, by reason of laches of the plaintiff, it would be inequitable to do so. It would seem, on principle, to follow from this distinction that the rule ought to be that the defense of the statute of limitations

cannot be insisted upon as a bar where the defendant answers to the merits, and it is not relied on in some form in the pleadings, and that the rule applies to both legal and equitable actions alike, but that the defense of laches need not necessarily be pleaded, any more than that of an estoppel in pais. Smith, Eq. Rem. §§ 120, 121; 13 Enc. Pl. & Pr. 183.

We come now to a consideration of the decisions of this court relied on by the defendants in support of their contention that they did not waive the defense of the statute of limitations in this case. The case of Humphrey v. Carpenter, 39 Minn. 115, 39 N. W. 67, was an action for relief on the ground of fraud, and the defense of the statute of limitations was raised by a demurrer to the complaint; and the rule was laid down that, where the acts constituting the fraud were committed more than six years before the commencement of the action, the plaintiff must allege in his complaint when the fraud was first discovered; and the demurrer was sustained because it appeared on the face of the complaint that the action was barred. Burke v. Western Land Assn., 40 Minn. 506, 42 N. W. 479, was a similar case, and the ruling the same. Morrill v. Little Falls Mnfg. Co., 53 Minn. 371, 55 N. W. 547, was an action to determine adverse claims to real estate; and one of the issues tendered by the answer related to the validity of certain deeds of the defendant corporation, which the answering stockholders claimed were made in fraud of its stockholders. The court held, upon a consideration of the evidence, that the defendants were not entitled to any relief as to the deeds, for there was no evidence to show that the defendants did not have knowledge of the character of the deeds the day they were made. Duxbury v. Boice, 70 Minn. 113, 72 N. W. 838, was an action to set aside a deed alleged to be fraudulent as to creditors. The defendants pleaded the statute of limitations and the court held that the burden was upon the plaintiff to prove when the facts constituting the fraud were discovered by him, and held that such burden was not sustained by the evidence. First Nat. Bank of Shakopee v. Strait, 71 Minn. 69, 73 N. W. 645, was an action for relief on the ground of fraud. The time of discovering the fraud was alleged in the complaint, and the statute of limitations was pleaded in the answer,

and the ruling of the court as to this issue related to the sufficiency of the evidence to support the verdict. The last case relied upon by the defendants is Brasie v. Minneapolis Brewing Co., 87 Minn. 456, 92 N. W. 340. This was an action of ejectment. The answer pleaded the statute of limitations. The reply alleged no facts in avoidance, and judgment was directed for the defendant on the pleadings.

It is clear from this brief analysis of the cases relied upon by defendants that the question whether a defendant waives the defense of the statute of limitations by answering to the merits and going to trial without in any manner attempting to avail himself of the statute was not involved in any of them, and that no one of them is here in point.

That the defendant does waive the statute in such cases in both legal and equitable actions is no longer an open question in this court. It was held in Hardwick v. Ickler, 71 Minn. 25, 73 N. W. 519, that: "When the defendant answers, and fails to plead the defense of the statute, it should, on sound principles, be held that he has waived the defense, until his answer is amended; and, the clearer it appears from the complaint that the statute has run, the clearer it appears from his answer that he intended to waive the statute by failing to plead it. So far as some of the older decisions of this court are inconsistent with this opinion, they are overruled." This ruling was followed and unqualifiedly approved in an equitable action in these words: "The case of Hardwick v. Ickler, 71 Minn. 25, 73 N. W. 519, most effectually puts at rest the question whether the statute must be pleaded to be available as a defense. It is there held that the statute is waived if not pleaded; and this, notwithstanding the bar of the statute may appear on the face of the complaint. The claim that plaintiff's cause of action is barred by laches is also untenable." Gilbert v. Hewetson, 79 Minn. 326, 336, 82 N. W. 655.

We therefore hold that the defendant, in both legal and equitable actions, by answering to the merits, and going to trial without in any manner attempting to avail himself of the defense of the statute of limitations, waives the defense, although it appears on the face of the complaint that the statute has run. It follows

88 M.—27.

that the trial court did not err in granting the plaintiff the relief asked, on the ground that the complaint showed that the action was barred by the statute of limitations. Nor can we hold that it erred in not denying such relief on the ground of laches, for the evidence is not before us, and the facts found by the court do not show that it was inequitable to grant the relief.

Judgment affirmed.