# T. B. DOWNER v. UNION LAND COMPANY OF ST. PAUL and Others.[1]

February 10, 1911.

Nos. 16,824—(209).

**Action by judgment creditor of corporation — statute of limitations.**

Action by a judgment creditor of the defendant corporation to compel the defendant stockholders to make good, by paying the difference between the par value of their stock and what they paid for it, so far as may be necessary to satisfy the judgment, their alleged false representation, relied on by the plaintiff when he purchased the bonds of the corporation which are the basis of his judgment, that they had paid the full par value of their stock. The bonds contained an agreement that no stockholder should be in any wise liable for the payment thereof and that no bondholder should be entitled to any remedy to enforce payment thereof against any stockholder. *Held*, that it does not appear upon the face of the complaint that the action is barred by the statute of limitations, and that the bond agreement is a defense to this action.

Action in the district court for Ramsey county to recover from defendant land company and its stockholders the balance of plaintiff's judgment, amounting to $3,955.96, with interest; that the agreement by which seventeen thousand shares of defendant land company were issued as full paid stock be adjudged fraudulent and void as to plaintiff; that the court ascertain the true value of the land conveyed to the company in exchange for the stock and the percentage of overvaluation at which the land was so taken, and that plaintiff recover from each of defendants other than the Union Land Company the difference between the par value of the shares of stock owned by each, respectively, and the respective amounts actually paid thereon, taking the land at its true valuation, or so much thereof as may be required to pay the amount adjudged to be due plaintiff. The facts are stated in the opinion. From an order, Hallam, J., overruling plaintiff's demurrer to that part of

[1] Reported in 129 N. W. 777.

the answer of Ferdinand Willius set out for and numbered as a second defense, plaintiff appealed.   Reversed.

*James E. Trask*, for appellant.

*Lightner & Young,* for respondents.

START, C. J.

This is an appeal by the plaintiff from an order of the district court of the county of Ramsey overruling his demurrer to the second alleged defense in the answer of the defendant Willius.

The action was commenced in December, 1909.   The here material allegations of the complaint, briefly stated, are to the effect following:   The defendant Union Land Company, hereafter referred to as the company, is and has been since 1887 a corporation for pecuniary profit duly organized under the laws of this state.   On April 5, 1887, it issued seventeen thousand shares of its capital stock, of the par value of $100 each, as full paid to its organizers, of which fifty shares were delivered to the defendant Willius, hereafter referred to as the defendant.   The company, after such issue of stock, became indebted in the sum of $98,000, and thereafter, for the purpose of securing the money to pay such indebtedness, it issued its bonds, amounting in the aggregate to $126,000, with ten per cent. annual interest, payable to trustees or bearer February 1, 1894. The plaintiff purchased six of such bonds, each for $500, and paid therefor $3,000, relying upon the representation that the seventeen thousand shares of stock so issued had been paid for in full.   None of his bonds, or any part thereof, were paid, except interest to August 1, 1895.   He recovered a judgment against the company in the district court of the county of Ramsey, on February 25, 1902, for the amount due on the bonds, $4,979.83.   Execution was issued on the judgment and returned satisfied only to the extent of $1,023.87.   The balance of the judgment has never been paid and the company is insolvent.

The organizers and stockholders of the company, including the defendant, with the intent of acquiring the seventeen thousand shares of stock as full paid, when in fact they were not, purchased fourteen hundred seventy-six acres of land, for which they paid only $679,-

289, which was more than it was worth. They caused this land, with cash sufficient to make the price actually paid for the stock not more than $850,000, to be transferred and turned over to the company in payment of the seventeen thousand shares of stock, an overvaluation of the land of more than $790,000. Such valuation was not the result of mistake, but was a gross overvaluation, intentionally made by all the parties to the transaction, with the knowledge of all the past and present stockholders of the company, and with the intent to enable such stockholders to acquire, and they did thereby acquire, each his respective portion of the seventeen thousand shares of the capital stock, by paying to the company therefor not to exceed $50 per share. The seventeen thousand shares so issued are the only portion of the authorized capital stock of the company which was ever issued. The plaintiff did not discover the fraudulent character of the issue of the seventeen thousand shares, and was unable with due diligence to discover the same, until the summer of 1906, and such discovery was then for the first time made after several years of diligent inquiry. The complaint then alleges in detail the steps taken by the plaintiff to ascertain the facts as to the issue of such stock.

The complaint prays, in effect, judgment against the company for the amount due on the original judgment, and that each of the defendant stockholders be required to pay so much of the difference between the par value of his stock and the amount actually paid by him therefor as may be necessary to pay the judgment against the company, and for general relief.

The answer of the defendant avers four alleged defenses, viz.: (1) The stock was in fact fully paid. (2) The plaintiff's bonds contained an express agreement that the stockholders should in no wise be liable for their payment. (3) The action is barred by the statute of limitations. (4) Laches.

The plaintiff replied to all the alleged defenses, except the second, to which he demurred. The trial court overruled the demurrer. The second alleged defense was to the effect: That the bonds of the company drew interest from their date at the rate of ten per cent. per annum, and their payment was secured by a trust deed of all of

the corporate property. That each purchaser of the bonds, including the plaintiff, entered into an agreement with the company, in consideration of the high rate of interest and the provision for the payment of the bonds, which was included in the body of each bond in these words: "It is a condition of the issue of this bond and the execution of said trust deed that this bond is an obligation of said company only" (meaning said defendant land company) "and that the stockholders of said company shall not, nor shall any of them, be in any wise liable for the payment thereof, nor shall any holder of this bond be entitled to any remedy to enforce payment thereof against any stockholder. The holder of this bond accepts this condition and agrees to the terms thereof." And further, that no representations were ever made to the plaintiff that the shares of stock issued by the company were fully paid, or to any extent, except such representations as may be deemed to have arisen from the mere fact that seventeen thousand shares had been issued as fully paid, of which twelve thousand one hundred thirty-two shares were outstanding when the plaintiff purchased his bonds.

1. The first contention of the defendant in support of the order overruling the demurrer, to be considered, is that the complaint does not allege facts sufficient to constitute a cause of action, for the reason that on its face it appears that the alleged cause of action is barred by the statute of limitations.

A demurrer, as a general rule, searches the record, and judgment will be given against the party whose pleading was first defective in substance. It is not clear that this rule is here applicable, for the reason that the question whether the alleged cause of action is barred by the statute of limitations has become, by the answer pleading the statute and the reply thereto, an issue of fact between the parties. 1 Chitty, Pl. 669; 6 Enc. Pl. & Pr. 332; Hanson v. Byrnes, 96 Minn. 50, 104 N. W. 762. This point, however, is not raised by the plaintiff, and we assume, for the purpose of this appeal only, that the demurrer in this case fastens upon the first defective pleading. The question of the sufficiency of the complaint is, then, to be determined as if the demurrer was to the complaint.

It is the settled rule of this court that, in an action for relief on

the ground of fraud consummated more than six years before the commencement of the action, the complaint must allege facts showing that the fraud was not discovered until within six years next before the action was commenced; that, if it fails so to do, demurrer will lie, but in such a case, if the bar of the statute is not raised either by demurrer or by answer, it is waived. Humphrey v. Carpenter, 39 Minn. 115, 39 N. W. 67; Burk v. Western Land Assn., 40 Minn. 506, 42 N. W. 479; Morrill v. Little Falls Mnfg. Co., 53 Minn. 371, 55 N. W. 547, 21 L.R.A. 174; Duxbury v. Boice, 70 Minn. 113, 72 N. W. 838; First National Bank v. Strait, 71 Minn. 69, 73 N. W. 645; Schmitt v. Hager, 88 Minn. 413, 93 N. W. 110.

A consideration of the allegations of the complaint, as to when the plaintiff discovered the fraud and his diligence in the premises, in connection with the rule stated, has led us to the conclusion that it does not appear upon the face of the complaint as a matter of law that the alleged cause of action is barred by the statute of limitations. The question whether the plaintiff discovered the fraud, or ought to have discovered it by the exercise of reasonable diligence, more than six years before the commencement of the action, is peculiarly one of fact, and was properly made an issue of fact by the pleadings.

2. The pivotal question presented by the record is whether the contract as to stockholders' liability contained in the bonds is a defense on the merits to this action. The demurrer admits the execution of the contract, the consideration therefor, and, therefore, its validity.

Counsel for defendant contend that such contract is an absolute bar to this action, and cite in support of the claim, with others, the case of Brown v. Eastern, 134 Mass. 590, which was an action to enforce the statutory liability of the defendant stockholders for the payment of certain promissory notes of the company. The statute (Pub. St. Mass. 1882, c. 106, § 61) provided that stockholders who had not paid in full the par value of their shares should be jointly and severally liable for the debts of the co. .ny. The notes were delivered upon a contemporaneous agreement that there should be no personal liability on the notes. It was held that, as no one was per-

sonally liable, except by statute, the contract necessarily referred to the statutory liability, and that it was a defense.

Another case relied on is U. S. v. Stanford, 161 U. S. 412, 16 Sup. Ct. 576, 40 L. ed. 751. In this case it was sought to enforce against the estate of Leland Stanford a claim of some $15,000,000 based upon the constitution and laws of California, making each stockholder of a railroad corporation liable for its debts in proportion to the stock held by him. It was held that the liability of stockholders of corporations for bonds issued under the Pacific Railroad acts depended, not upon the laws of California, but upon the acts of congress under which such bonds were issued, which provided that the stockholders should not be personally liable for the debts of the corporation.

The case of Basshor v. Forbes, 36 Md. 154, also cited, was an action to recover from a stockholder of a corporation the amount of its promissory note by virtue of a statute providing that stockholders should be liable for the debts of a corporation to an amount equal to that of their stock "until the whole amount of the capital stock fixed and limited by the corporation shall have been paid in" full. Code Md. 1860, art. 26, §. 52. It was held that an agreement, made at the time the note was delivered, that the payee should look only to the corporation and the security for its payment, was a defense.

These cases sustain the proposition that, if a person contracting with a corporation expressly agrees to look only to the corporation and its property for the payment of his debt against it, such agreement will be a waiver of the constitutional or statutory liability of stockholders for the payment of the debt. It is clear that the agreement contained in the bonds, which we have quoted, released the stockholders from any and all liability for the payment of the bonds imposed by the constitution or statute, and from all liability whatever, in the absence of any element of fraud; that is, if they had then paid the full par value of their stock as represented by the issuance of it as full paid. This is not an action to enforce any constitutional or statutory liability of the defendant for the payment of

the bonds; but it is, in effect, one to compel the defendants to make good, so far as may be necessary to satisfy the plaintiff's judgment against the corporation, their alleged representation, alleged to have been relied upon by him, that the assets of the corporation had been increased to the full par value of their stock, when in fact only one-half thereof had been paid.

The question, then, in its last analysis, is whether such a liability was within the contemplation of the parties when the bond agreement was made, and did the plaintiff thereby waive such liability in case he might thereafter discover for the first time the facts upon which liability must rest? The right of a creditor to maintain such an action is settled by the repeated decisions of this court. First National Bank v. Gustin M. C. M. Co., 42 Minn. 329, 44 N. W. 198, 6 L.R.A. 676, 18 Am. St. 510; Hospes v. Northwestern M. & C. Co., 48 Minn. 174, 50 N. W. 1117, 15 L.R.A. 470, 31 Am. St. 637; Hastings Malting Co. v. Iron Range Brewing Co., 65 Minn. 28, 67 N. W. 652; Wallace v. Carpenter Ele. H. Mnfg. Co., 70 Minn. 321, 73 N. W. 189, 68 Am. St. 530.

The basis of the action is not contract, but fraud, for the reason that: People deal with the corporation and give it credit on the faith of its stock, and they have the right to assume that it has a paid-in capital to the amount which it represents itself as having. If the representation is false, it is a fraud on creditors; and, in case the corporation becomes insolvent, equity will compel the holders of bonus stock, or stock not in fact paid in full, to make the representation good, by paying the balance due on their stock to the extent necessary to pay creditors whose debts were contracted subsequent to the issuing of the stock as fully paid, and who are presumed to have relied on the representation. It is the misrepresentation of fact in stating the amount of capital to be greater than it is in fact which is the basis of the liability of the stockholders in such cases. A certificate for paid-up shares in a corporation is simply a written statement in the name of the corporation that the holder thereof is a stockholder, and that the full par value of his shares has been paid to the corporation. If the shares in fact have not been so paid for, the certificate that they have been is a false representation that the assets

of the corporation have been increased to the amount of the par value of the stock so issued.

The very basis of this action clearly indicates that the alleged liability sought to be enforced in this action was not within the contemplation of the parties at the time the bond agreement was made, and that it was not waived thereby. How can the plaintiff be said to have waived a liability, when he had no knowledge of the facts out of which the alleged fraud and consequent liability sprung? Is it reasonable to assume that the company or its stockholders intended by the agreement to guard against liability for fraud which from their viewpoint never existed and was not then claimed by any one? We hold that the agreement here in question does not constitute a waiver by the plaintiff of the alleged liability sought to be enforced by this action, nor a defense thereto.

It was alleged in the second defense, and admitted by the demurrer, that no representations were ever made to the plaintiff that the shares of stock were fully paid, except the fact that they were issued as fully paid; that he made no inquiries either as to the amount thereof, or the amount paid thereon; and that he had no information in regard thereto. It is urged, in effect, on behalf of the defendant, that in view of this admission the plaintiff did not rely on any representation that the stock was fully paid. We cannot concur in this view of the effect of the allegations referred to. The complaint expressly alleged that the plaintiff, relying upon the representation that the shares had been paid in full, purchased and paid for his bonds. This allegation is put in issue by the general denial contained in the first defense. The allegation in the second defense relied on is simply a statement of evidentiary facts relevant to the issue whether the plaintiff did in fact rely upon the representations as alleged in the complaint. It does not appear upon the face of the second defense that the plaintiff did not rely upon the representation.

With reference to a trial of this issue we deem it proper to say that the presumption of reliance by creditors upon the representation that stock issued as fully paid is so in fact is only prima facie. The rule in such cases is that: "It is only those creditors who have relied, or who can fairly be presumed to have relied, upon the professed

113 M.—27.

amount of capital, in whose favor the law will recognize and enforce an equity against the holders of 'bonus stock.' " Hospes v. Northwestern M. & C. Co., 48 Minn. 174, 50 N. W. 1117, 15 L.R.A. 470, 31 Am. St. 637.

It follows that the demurrer to the defense should have been sustained.

Order reversed.

JAGGARD, J., took no part.