## JOHN FERRIER v. THOMAS McCABE.[1]

### May 14, 1915.

### Nos. 19,133—(81).

**Limitation of action — demurrer to complaint.**

1. When it clearly appears from the complaint that, after the cause of action accrued, the time allowed by statute for bringing suit thereon expired before the suit was brought, and no fact is set forth avoiding the operation of the statute, a demurrer is rightly sustained.

**Discretion of court — amendment of pleading.**

2. The right to amend a pleading after a demurrer thereto has been determined is vested in the discretion of the trial court. The record fails to show any abuse of this discretion in the order made.

Action in the district court for Olmsted county to recover $75 upon a promissory note. From an order sustaining defendant's demurrer to the complaint, Snow, J., plaintiff appealed. Affirmed.

*Fraser & Fraser,* for appellant.

*Lewis E. & D. J. Jones,* for respondent.

HOLT, J.

The complaint declared upon a promissory note executed in this state on July 12, 1880, due in five months thereafter, and upon

[1] Reported in 152 N. W. 734.

which a small partial payment was made January 22, 1881. The court sustained a demurrer thereto, without giving the privilege to amend, and plaintiff appeals.

It clearly appeared upon the face of the complaint that, after the right of action accrued, more than 30 years elapsed before suit. It was early held that, when it clearly appears from the complaint that the cause of action is barred by the statute of limitations, a general demurrer will lie, and that even on appeal from a default judgment the statute may be invoked successfully if it conclusively appears from the complaint that the action was barred. Kennedy v. Williams, 11 Minn. 219 (314); McArdle v. McArdle, 12 Minn. 53 (98); Eastman v. St. Anthony Falls Water-Power Co. 12 Minn. 77 (137); Davenport v. Short, 17 Minn. 8 (24); Millette v. Mehmke, 26 Minn. 306, 3 N. W. 700. It is also firmly settled that in actions based on fraud the complaint is demurrable if it shows that since the fraud was perpetrated more than the period allowed by statute for bringing the suit elapsed before its institution, unless there be an averment that the first knowledge of the fraud by plaintiff was within the statutory period. Humphrey v. Carpenter, 39 Minn. 115, 39 N. W. 67; Minneapolis Threshing Machine Co. v. Jones, 89 Minn. 184, 94 N. W. 551; Downer v. Union Land Co. of St. Paul, 113 Minn. 410, 129 N. W. 777. In Hoyt v. McNeil, 13 Minn. 362 (390), it was held that, since the code was an adoption of the equity rules of pleading rather than of those at law, it was proper to allege, in a complaint upon an apparently outlawed contract, facts which tolled the statute of limitations. In Burk v. Western Land Assn. 40 Minn. 506, 41 N. W. 240, a demurrer to a complaint, seeking to enforce an implied trust in real property, was sustained because the pleading disclosed a delay of 30 years. The court said: "If there were any facts taking the case out of the statute or excusing this long delay, the plaintiff ought to have set them up." The statute of limitations could not be taken advantage of in an action at law unless pleaded as an affirmative defense in the answer. In equity a demurrer was sufficient to raise the bar of the statute if the bill clearly disclosed that time had run and nothing was alleged to toll the statute. Both in Kennedy v.

Williams, supra, and in Humphrey v. Carpenter, supra, the court states that the code pleading and practice was to a great extent the adoption of the applicable equity rules to the rejection of those prevailing at law. In the case last referred to, which was an action at law to recover damages for deceit, Justice Vanderburgh says: "Presumptively, upon the face of the complaint, then, the statute began to run upon the commission of the fraud, and the complaint was demurrable upon its face, as it appeared that more than six years had since elapsed. If the operation of the statute was suspended because of the plaintiff's failure to discover the fraud, it devolved on him to set up the facts in his complaint." In this state suits at law and in equity are in the same tribunal, and the rules of pleading and practice applicable to each ought to be the same, as nearly as may be. No distinction should be made between the effect of demurrers as pleadings. And we hold that where the complaint clearly shows that, since the cause of action stated therein accrued, the time allowed by the statute for bringing suit expired before the suit was brought, and no fact is set forth avoiding the operation of the statute, the complaint is demurrable. Swing v. Barnard-Cope Mnfg. Co. 115 Minn. 47, 131 N. W. 855, and Fitger Brewing Co. v. American Bonding Co. of Baltimore, 115 Minn. 78, 131 N. W. 1067, seem to be decided upon the rule stated.

It has been suggested that this rule requiring plaintiff to anticipate a defense which the defendant may waive, and which does not go to the merits of the action, is illogical. Dunnell, Minn. Pl. § 729; 2 Dunnell, Minn. Dig. § 5659. The rule relates to a matter of practice, and it is more important that it be certain and workable than that it be theoretically consistent with legal traditions. It is workable, for, if the statute is pleaded as a bar, the allegations need simply be that more than the statutory time expired between the accrual of the cause of action and the bringing of the suit. It then devolves on plaintiff to allege the exceptions, if the complaint on its face discloses the lapse of time. McMillan v. Cheeney, 30 Minn. 519, 16 N. W. 404; West v. Hennessey, 58 Minn. 133, 59 N. W. 984. If the defense of the statute be raised

by demurrer, plaintiff has 20 days within which to amend the complaint as a matter of course, and, if it be a case where he is unable to state his cause of action without disclosing the bar of the statute, he may and should aver in the amended complaint the fact which tolled its running. In the case at bar if there be any matter which has suspended the running of the statute more than 24 years, it is within plaintiff's knowledge the same as would be the fact of the discovery of a fraud by a plaintiff in a suit where fraud was the basis of recovery; and the rule under the code ought to be the same in both cases as to pleading in respect to the statute of limitation. That the rule this court early adopted, and now enforces, is in good standing elsewhere, though in some of the states the form in which the demurrer must be framed is regulated by statute, appears from California S. D. & T. Co. v. Sierra Valleys R. Co. 158 Cal. 690, 112 Pac. 274, Ann. Cas. 1912A, 729; Brown v. Bell, 46 Colo. 163, 103 Pac. 380, 23 L.R.A.(N.S.) 1096; Thornton v. Jackson, 129 Ga. 700, 59 S. E. 905, and cases referred to in sections 205 and 355, Bliss on Code Pleading (3d ed.). Particularly in point are Burrus v. Cook, 215 Mo. 496, 114 S. W. 1065, and Garth v. Motter, 248 Mo. 477, 154 S. W. 733.

Expressions in Trebby v. Simmons, 38 Minn. 508, 38 N. W. 693; Hardwick v. Ickler, 71 Minn. 25, 73 N. W. 519; Board of Co. Commrs. of Itasca County v. Miller, 101 Minn. 294, 112 N. W. 276, and Thornton v. City of East Grand Forks, 106 Minn. 233, 118 N. W. 834, are used to support the argument that, when possible exceptions might exist to interrupt the running of the statute, a complaint which on its face shows the statutory time to have run, but does not negative such exceptions, is not subject to demurrer. In the Trebby case, while it is evident that Justice Mitchell did not take kindly to the rule, that in actions at law the statute of limitations might be asserted by demurrer, the adoption thereof is considered settled. His opinion that it would be difficult to imagine a case where a complaint would on its face show the bar of the statute was clearly *obiter*. The case did not involve a demurrer, and the complaint showed that the suit was brought within the statutory period. The same may be said of the Hardwick

case, and, further, the statement in that decision of an intention to overrule prior decisions cannot affect the question before us for it was not involved and we are left in doubt as to what prior decisions are referred to, for none are mentioned in the opinion or in the briefs. In the case of the Board of Co. Commrs. of Itasca County, an examination of the complaint therein will show that the plaintiff alleged that the embezzlement or fraudulent practice of the defendant was not discovered until a few months before suit. Although this allegation may have been somewhat faulty, yet it served to show that the complaint was not clearly demurrable on the ground that the statute of limitation was a bar. In the Thornton case the rule that the statute may be raised by demurrer in an action on contract, is fully recognized. To be sure the correctness of the court's ruling was fortified, perhaps unnecessarily, by the argument that the defendant being a municipality could not change residence, be a minor, or become insane so that there was no possibility of the existence of any exceptions. It should, however, be noted that this decision sustains the view we take of the settled practice in this state, for therein it is said, the existence of exceptions suspending "the running of the statute cannot be reasonably inferred from the allegations of the complaint." Moreover it is apparent that the exceptions in section 7710, G. S. 1913, might have been applicable to the plaintiff, Thornton, the possible existence of which was not negatived in that complaint. We therefore think that the rule herein announced is not out of harmony with prior decisions, but in line therewith, particularly with Swing v. Barnard-Cope Mnfg. Co. and Fitger Brewing Co. v. American Bonding Co. above cited.

Of course nothing herein stated or decided should be regarded as in any manner modifying the rule announced in Hardwick v. Ickler, supra, applied in Gilbert v. Hewetson, 79 Minn. 326, 82 N. W. 655, 79 Am. St. 486, and exhaustively examined and adhered to in Schmitt v. Hager, 88 Minn. 413, 93 N. W. 110, namely: That by answering to the merits of the cause of action without setting up the statute of limitation its effectiveness as a bar or defense is conclusively waived, and cannot be taken advantage of by motion or objection at the trial.

One assignment of error is based upon the court's refusal to permit an amendment of the complaint when the demurrer was sustained. This was purely a discretionary matter, and the record does not disclose any valid ground for this court to hold that the learned trial court abused the discretion vested in him.

Order affirmed.