**Thomas J. MAROTTA, Appellant (Defendant Below),**

v.

**IROQUOIS REALTY COMPANY, Appellee (Plaintiff Below).**

**No. 3–280A51.**

Court of Appeals of Indiana, Third District.

Nov. 24, 1980.

Rehearing Denied Jan. 23, 1981.

Lea Anne Bernstein, Zionsville, for appellant.

HOFFMAN, Judge.

This is an appeal by defendant–appellant Thomas J. Marotta from a judgment entered in favor of plaintiff–appellee Iroquois Realty Company, enforcing payment of a commission allegedly due under an agreement to sell real estate. Marotta raises the following issues for review:

(1) whether the judgment is contrary to law because Iroquois failed to comply with IC 1971, 25–34–1–9 (Burns Code Ed.);

(2) whether the trial court erred in excepting a condition contained in the purchase agreement;

(3) whether the amended judgment is erroneous; and

(4) whether the trial court failed to consider the intent of the parties.

Marotta contends that the judgment is contrary to law insofar as Iroquois failed to comply with IC 1971, 25–34–1–9 (Burns Code Ed.).[1] That statute provides as follows:

"In all actions for the collection of a commission or other compensation for the sale of real estate and filed in the courts of this state after October 1, 1949, it shall

be alleged and proved therein that at the time the cause of action arose the party seeking relief was a duly licensed real estate broker or real estate salesman of the state of Indiana."

The argument advanced is that Iroquois introduced no evidence at trial to indicate it was a duly licensed real estate broker. This contention is unavailing.

It appears from the record that Marotta admitted Iroquois was a duly licensed broker, both in his responsive pleading and in the pretrial order. His answer reads in relevant part as follows:

"1. That the Defendant admits to entering into an agreement between the Defendant and John and Elberta [sic] Choate dated May 17, 1975, with Iroquois Realty Co. acting as agent and licensed sales broker."

The pretrial order provides in part:

"The Defendant, THOMAS J. MARATTA [sic], admits that an agreement was entered into between himself and JOHN and ALBERTA CHOATE, on May 17, 1975, with the Plaintiff acting as agent and licensed sales broker, but alleges that he is without information as to whether or not said agreement was valid or binding at its execution or thirty (30) days after its acceptance by the Defendant and denies that he is indebted to the Plaintiff.

\* \* \* \* \* \*

"G. The contested issues of fact are:

1. The indebtedness of the Defendant to the Plaintiff.

2. Whether the conduct of the Defendant was malicious and guilty of wanton disregard of the rights of the Plaintiff.

3. The validity of the Choate purchase agreement.

4. Whether or not the Plaintiff performed the services required under the Choate purchase agreement.

5. The indebtedness of the Plaintiff to the Defendant.

---

1. This statute was repealed by Acts 1979, P.L. 248, § 2 effective December 31, 1979. For new

law see IC 1971, 25-34.1 6-2 (1980 Burns Supp.).

6. Whether or not the Plaintiff performed the services required under the Davis purchase agreement.

7. Whether or not the Plaintiff used fraud and false pretenses to obtain moneys from the Defendant.

8. The extent of damages of the Plaintiff and Defendant, if any."

 A pretrial order stipulation is conclusive upon the parties and the judicial tribunal unless it is withdrawn, amended or supplemented as provided by Ind.Rules of Procedure, Trial Rule 15(B) and Trial Rule 16(I–J). *Wynder v. Lonergan* (1972), 153 Ind.App. 92, 286 N.E.2d 413. Moreover, a pretrial order delineating the issues of the case supplants the allegations raised in the pleadings and controls all subsequent proceedings in the case. Thus the issues become those found by the trial court's pretrial order. *City of Hammond, Lake County v. Drangemeister* (1977), Ind.App., 364 N.E.2d 157.

 Obviously the matter of compliance with IC 1971, 25–34–1–9 was not a triable issue. There is nothing in the record to indicate that Marotta withdrew his admission in the pretrial order or that the order was modified to reflect a factual controversy over Iroquois's status as a licensed broker.

 To counter this conclusion Marotta maintains that compliance with IC 1971, 25–34–1–9 is not a proper subject for admissions or waiver since it involves the capacity to sue.[2] Analysis of decisions from other jurisdictions fails to support that position. *Albers v. Fitschen* (1966) 274 Minn. 375, 143 N.W.2d 841 involved an action to enforce payment of a broker's commission for the sale of real estate. In response to defendant's contention that the judgment should be vacated because plaintiff's complaint failed to allege, as required by statute, that he was a licensed real estate broker, the court noted:

"There is not a great deal of authority bearing on the effect of the failure to allege a statutory condition precedent in a complaint for recovery of damages. It is necessary to consider whether such a condition relates to the right to the commission as distinguished from the remedy to enforce payment of it. The case before us is to be distinguished from those actions brought against a municipality where the right to bring such actions is statutory in its origin and the necessity for filing a claim in substantial compliance with the statute is made a condition precedent to the commencement of the action. It is important to note in this case that the plaintiff's claim is not statutory but rests upon the common–law right to recover for his services pursuant to an agreement. The provision of § 82.16 does not deprive the plaintiff of any contractual right which may have grown out of the transaction. The provision requiring the allegation and proof of the existence of a license is more in the nature of a statute of limitations, which creates a defense which might be waived by a defendant who fails to assert it. It is established that a defendant, by answering to the merits and going to trial without in any manner attempting to avail himself of a statute of limitations, waives such defense, although it appears on the face of the complaint that the statute has run. *Schmitt v. Hager*, 88 Minn. 413, 93 N.W. 110; *Hardwick v. Ickler*, 71 Minn. 25, 73 N.W. 519; *Board of County Commrs. of Itasca County v. Miller*, 101 Minn. 294, 112 N.W. 276; 11 *Dunnell*, Dig. (3 ed.) § 5661. The same rule applies here. We conclude that Minn.St. 82.16 is remedial; it regulates or limits the enforcement of a right and provides a defense which may be waived." 143 N.W.2d at 843.

---

2. Marotta also insists that failure to demand strict proof of license contravenes the spirit of the enactment in that the State has a vital interest in regulating real estate brokers. The response to this assertion is that the State's interest seems adequately protected by the criminal penalties provided for in IC 1971, 25–34–1–8 (Burns Code Ed.). This statute was repealed by Acts 1979, P.L. 248, § 2 effective December 31, 1979. For new law see IC 1971, 25 34.1–6–2.

As against the allegation that plaintiff failed to show it was a licensed real estate broker under a similar statute, that being an essential element of proof for recovery of a commission, the court in *White v. Watson Enterprises, Inc.* (1973) 129 Ga.App. 203, 199 S.E.2d 357, overruled on other grounds *Mock v. Canterbury Rlty. Co.* (1980) 152 Ga.App. 872, 264 S.E.2d 489, opined:

"That proof, however, was waived by defendants when, in their answer, they admitted that they would owe the $888 real estate commission fee upon closing the sale of the property. The affidavits filed in support and in opposition to the motion for summary judgment show that the sale was in fact consumated. Thus, by this conditional admission in its answer and the undisputed fact of the subsequent closing of the sale, the defendants have admitted that plaintiff was entitled to the real estate sales commission and impliedly admitted plaintiff was a licensed broker or salesman." 199 S.E.2d at 359.

And in *Sonnenblick–Goldman of Miami Corp. v. Feldman* (1972) Fla.App., 266 So.2d 48 there appears the following language:

"An examination of the record reveals that the New York corporation did not raise the affirmative defense of illegality in connection with appellee's lack of a brokerage license. Rule 1.110(d), R.C.P., F.S.A. See *Tiseo v. Arnold*, Fla.App. 1970, 237 So.2d 21. Furthermore, since the broker's license issue was not raised at the pre–trial conference, the trial court properly excluded evidence on this issue at trial. See *Vaughn v. Smith*, Fla.1957, 96 So.2d 143." 266 So.2d at 50.

*Cf. Albert–Hopkins Corp. v. Caputo* (1970) 357 Mass. 765, 258 N.E.2d 70 (by general denial in an action to recover a broker's commission, defendants made it incumbent upon plaintiff, which alleged in its complaint that it was a duly licensed real estate broker, to prove compliance with the licensing statute).

Marotta next urges that the trial court erred in excepting a condition contained in the purchase agreement between himself and the Choates. The challenged finding reads as follows:

"The Court finds that the said purchase agreement is a valid contract, complete on its face, excepting for one item, that is to say, that 'No more than 30 days after the acceptance of this purchase agreement shall be allowed for obtaining favorable commitment for any financing required by this purchase agreement. Purchaser to have complete possession upon completion."; that as far as the contract itself is concerned the obligations of the plaintiff were completed when the purchase agreement was signed by John L. Choate, Elberta [sic] Choate and Thomas J. Maratt [sic], 3–J Developers, Inc. on May 17, 1975 and on that date the plaintiff became entitled to the sum of One Thousand Eight Hundred Ninety Dollars ($1,890.00). All of the defenses to the action were based upon matters occurring after May 17, 1975, and between parties other than those mentioned in the purchase agreement in question."

Marotta insists that Iroquois was not entitled to a commission since the Choates failed to obtain a financing commitment within 30 days after acceptance of the purchase agreement.

The portion of the purchase agreement which dealt with payment of a commission provided that:

"As the owner(s) of the property described herein <u>we</u> hereby accept this Purchase Agreement this <u>17</u> day of <u>May</u>, 1975 and <u>we</u> agree to pay to <u>Iroquois Realty Co.</u>, Agent and licensed broker, the total sum of <u>One Thousand Eight Hundred Ninety</u> Dollars (<u>$1,890.00</u>) commission for services rendered in this transaction."

Nothing in this contract clarifies what the parties intended by the expression "services rendered." However Robert Hansen, the Iroquois salesman who handled the Choate transaction, testified that the commission was due once Marotta and the Choates signed the purchase agreement. Jerry Smith, the owner of Iroquois, corroborated Hansen's testimony.

Of course it must be recognized that under the ordinary brokerage contract the parties would not intend that a commission be owing merely because the broker has presented to the owner some person who expresses a willingness to buy, without reference to whether a sale is subsequently made to that person or not. *Platt v. Johr* (1894), 9 Ind.App. 58, 36 N.E. 294 touches on this point. There the court considered a broker's contract where the owner of a livery stable agreed to pay the broker the sum of $100 if he would find and introduce to the owner a purchaser ready and willing to buy the same. In the course of holding that the broker was entitled to a commission, the court opined:

"It will not do to say that if the agreement was merely to 'introduce' a purchaser the agent has performed his duty when he has presented to the owner some person who contemplates buying, without reference to whether a sale is afterwards made to such person or not.

"It would be preposterous to hold that in the present case, under the terms of the contract found by the jury and disclosed by the evidence, the appellant intended to pay the appellee the sum of $100 for the mere luxury of forming the acquaintance of some person with whom the appellant might attempt to negotiate, though unsuccessfully, for the sale of his property.

"Courts know judicially that owners of real estate or other property do not usually employ brokers for any such purpose. At all events, according to the agreement under consideration, the person introduced was to be a purchaser, which means, we think, that he must at some time, and as a result of the introduction, be ready, willing, and able to buy the property upon terms acceptable to the owner. *In other words, the appellee must be the procuring or efficient cause of the sale,* unless, indeed, he has been prevented from being such by the conduct of the owner." (Emphasis added). 36 N.E. at 295.

■ In the instant case financing was obtained by the Choates, albeit 62 days after the purchase agreement was signed, and they did close the transaction with Marotta. From the evidence stated the trial court could properly have determined that the efforts and actions of Iroquois were the efficient cause of procuring the Choates as purchasers of the property. It is a fundamental rule that the judgment of the trial court must be affirmed on appeal if it can be sustained on any legal theory which the evidence supports. *Utica Mut. Ins. Co. v. Ueding* (1977), Ind.App., 370 N.E.2d 373.

■ Marotta also argues that the amended judgment is erroneous. In its initial judgment the trial court found that the amount of commission due was $1,890. But in his motion to correct errors Marotta alerted the trial court to the fact that Iroquois only requested recovery in the sum of $1,820 for its services under the purchase agreement. Accordingly, the trial court amended its judgment. Now on appeal Marotta submits that the amended figure is inaccurate as well. Even though Marotta's assertion appears to be well taken, by estoppel a party will not be permitted to take advantage of errors which he invited or induced the trial court to commit. *Jolly v. Modisett et al.* (1971), 257 Ind. 426, 275 N.E.2d 780.

The final allegation of error as presented in the motion to correct errors is:

"Error of law appearing on the face of the record in that the order of Aug. 22, 1979, having been entered without construing intent of the parties as the issue of contention by both parties is in opposition to and inconsistent with the president [sic] rulings of like courts of the State of Indiana, the Appellate Courts, and the U. S. Court of Appeals."

Apparently this allegation refers to the construction placed on the purchase agreement by the trial court. What has been stated heretofore resolves this issue against Marotta.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and YOUNG, J., participating by designation, concur.