Harry George **WERLEIN**, et al., Appellants,

v.

**FEDERAL CARTRIDGE CORPORATION, Honeywell, Inc., Walburn, Ltd., The Minnesota Transfer Railway Company, Norton Ervin Erickson, et al., Respondents.**

No. C7–86–1532.

Court of Appeals of Minnesota.

Feb. 24, 1987.

John B. Van de North, Jr., Ann Huntrods, Neal T. Buethe, Briggs & Morgan, St. Paul, for Harry George Werlein, et al.

Douglas R. Rainbow, Nicholas N. Nierengarten, Harstad & Rainbow, Minneapolis, for Federal Cartridge Corp.

G. Marc Whitehead, Scott A. Smith, David K. Ryden, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, for Honeywell, Inc.

Stuart T. Williams, Henson & Efron, Minneapolis, for Walburn, Ltd.

Timothy R. Thornton, Hart, Bruner, O'Brien & Thornton, Minneapolis, for The Minnesota Transfer Ry. Co.

Maclay R. Hyde, Bassford, Heckt, Lockhart & Mullin, P.A., Minneapolis, for Norton Ervin Erickson, et al.

Heard, considered, and decided by RANDALL, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

RANDALL, Judge.

On December 6, 1982, appellants, residents of municipalities surrounding the Twin Cities Army Ammunition Plant (TCAAP) in northern Ramsey County, brought this class action suit against respondents, Federal Cartridge Corporation (FCC), Honeywell, Walburn, Ltd., Trio Solvents, Minnesota Transfer Railway Co. (MTRC), Norton Erickson, and Sylvester Bendel.[1] FCC successfully petitioned to remove the case to federal court, but on later motions, a federal court judge remanded this matter to state court. Appellants amended their state complaint on March 5, 1984, to add additional state claims. Appellants seek injunctive relief and damages, alleging respondents contaminated the source of their well water, the Prairie du Chien-Jordan aquifer, with hazardous chemicals.

On June 9, 1986, FCC moved for involuntary dismissal without prejudice alleging that the United States Army is an indispensable party to the suit under Minn.R. Civ.P. 19.01. The district court dismissed the action without prejudice on July 1, 1986, but did not specifically state its reason. The court conditioned the dismissal on the tolling of the various statutes of limitations from the date of service of the summons and complaint or amended complaint and ruled that if the action is recommenced, all previously filed pleadings would be reinstated.

---

1. Federal suits between these parties, based on similar claims of ground water contamination, are currently pending. While the state action has lain dormant, the federal litigation has not. Appellants have not yet been certified as a class in the federal suit.

Werlein, et al., appeal, arguing the trial court did not have authority to toll the statutes of limitations. We reverse and remand with instructions to vacate the judgment of dismissal and enter a stay of the proceedings.

## FACTS

Appellants are landowners in New Brighton and Arden Hills. Their well water is supplied by the Prairie du Chien-Jordan aquifer. They allege the aquifer has been contaminated with hazardous chemicals, present as a result of respondents' improper disposal of hazardous waste. Appellants have been advised to stop using their wells and to seek alternate water sources. The Minnesota Department of Health has directed the City of New Brighton and the owner of Arden Manor Trailer Park to provide non-contaminated water to their systems' users. Appellants allege they and the City of New Brighton have paid increased water charges to cover construction of new wells into uncontaminated aquifers.

Appellants allege that the majority of contaminants came from TCAAP, which is operated by FCC pursuant to a contract with the U.S. Army. The Army has contracting officers stationed at TCAAP. The officers direct FCC's activities and monitor compliance with the contract. Honeywell stores hazardous solvents at TCAAP. Appellants allege Trio Solvents also contaminated the Prairie du Chien aquifer with hazardous chemicals. The other respondents did not file briefs on appeal.

Appellants sought an injunction preventing further contamination and requiring respondents to abate current contamination; an order requiring respondents to provide alternative water supplies; compensatory damages for diminution in property values and for injury to appellants' health; and attorney fees. The state suit lay dormant until FCC and Honeywell filed a motion for dismissal.

After bringing the state case, appellants filed federal suits alleging the same contamination. The Army is a named defendant in these suits. By law, suits against the Army must be venued in federal court.

## ISSUE

On these facts, did the trial court have authority to condition dismissal of the lawsuit on the tolling of the statute of limitations?

## ANALYSIS

*A. Statute of Limitations*

The trial court ordered:

The Clerk of Court shall enter forthwith Judgment of Dismissal without prejudice on the following terms and conditions:

a. The applicable statute or statutes of limitations shall be tolled from the date of the Summons and Complaint or Amended Complaint herein were originally served on each of the defendants with the same force and effect as if this action had not been dismissed.

The trial court does not have power to toll the statute of limitations in this manner. *Johnson v. Winthrop Laboratories Division of Sterling Drugs, Inc.,* 291 Minn. 145, 151, 190 N.W.2d 77, 81 (1971); *Dumont v. Commissioner of Taxation,* 278 Minn. 312, 154 N.W.2d 196 (1967); *Humphrey v. Carpenter,* 39 Minn. 115, 39 N.W. 67, 68 (1888).

Respondent Honeywell argues that under *Financial General Bank Shares, Inc. v. Metzger,* 680 F.2d 768 (D.C.Cir.1982), the court is free to impose conditions on litigants when it dismisses an action. In *Metzger,* the circuit court ordered a federal district court not to dismiss the federal suit until plaintiff refiled his claims in state court and defendant filed a waiver of the statute of limitations. *Id.* at 778. *Metzger* is distinguishable on its facts. Here the trial court simply stated that it was tolling the statute of limitations.

Moreover, the court did not base its decision on *Metzger,* and did not order respondents to file waivers of their statute of

limitations defenses. Instead, it indicated that it had the power to toll the statute. Although the effect of the court's tolling is parallel to *Metzger,* we find no specific authority for a trial court to toll a statute of limitations, nor have the parties supplied us with any. None of the respondents have formally waived possible statute of limitations defenses, and appellants could be exposed to that defense in the future in state court.

The statute of limitations issue has not been decided, nor can it be decided at this time. Depending on the outcome of the parallel federal litigation, the parties here may or may not ever be back in state court. If they are, the date cannot be known at this time.

 We commend the trial court's effort to protect the status of the state court litigation, while at the same time sending the parties to federal court to promote judicial economy. However, to effectuate the trial court's intent and to fairly preserve all parties' future rights to litigate their respective claims and defenses, we deem a stay, not a dismissal without prejudice, the appropriate remedy. Thus, we reverse the dismissal without prejudice and remand this matter to the trial court with instructions to vacate its dismissal and enter a stay of proceedings. The stay shall continue until the federal court's disposition of the class certification issue and other pending matters either effectively disposes of appellants' claims, or renders this matter ripe for adjudication in state court.

### B. Appellants' remaining claims

Appellants claim the trial court erred by failing to make findings of fact in its order for dismissal; by dismissing the matter as to all respondents, where only three moved to dismiss; and by finding the United States Army was an indispensable party to this suit. Because of our disposition on the statute of limitations issue, we do not reach these issues except to note that the district court did not rule on the issue of whether the Army was an indispensable party.

### DECISION

To preserve the respective claims and defenses of all parties in the presence of a possible statute of limitations defense, the proper remedy, considering the pending parallel federal court litigation, is a stay of proceedings rather than a tolling of the statute of limitations and dismissal without prejudice.

We reverse and remand with instructions to vacate the dismissal and enter a stay of proceedings.

Reversed and remanded with instructions.