## HENRY ALBERS v. LOUIS FITSCHEN.

143 N. W. (2d) 841.

July 1, 1966—No. 39,998.

*Daniel F. Foley*, for appellant.
*Holst, Vogel & Richardson,* for respondent.

MURPHY, JUSTICE.

This is an appeal by the defendant, Louis Fitschen, from a judgment in the district court for the plaintiff, Henry Albers, enforcing payment of a commission allegedly due under an agreement to sell real estate.

It appears from the record that plaintiff's efforts were the producing cause of the sale of a farm owned by defendant, and that the defendant has failed to pay a broker's commission pursuant to an agreement. The plaintiff failed to allege, as required by Minn. St. 82.16, subd. 2,[1] that he was a licensed real estate broker. No objection was made to the defect in the complaint at any time during the trial or before judgment. It was not claimed on the motion for a new trial nor is it asserted here that the plaintiff was not in fact a duly licensed real estate broker at the time the sale was made. That fact was brought out by defendant in his cross-examination of plaintiff.

It is the defendant's contention that the judgment must be vacated because the complaint does not allege a cause of action and that the court never acquired jurisdiction of the subject matter of the lawsuit. This asserted error requires an examination of the provisions of Minn. St. c. 82, which were enacted in the public interest to prevent abuses by unqualified or unreliable real estate brokers and salesmen. The provisions of c. 82 require that before one may engage in the business of selling real estate, he must qualify by making application for a license, submit to an examination to be conducted by the commissioner of securities, pay the required license fee, and conform to other conditions. The chapter provides that violation of its provisions shall constitute a gross misdemeanor. The provisions of § 82.16 are also penal in their nature in that a claim for real estate sale commissions may be defeated by failure to allege and prove in an action for payment that the person bringing the action was

---

[1] Minn. St. 82.16, subd. 2, provides: "No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in Minnesota Statutes, Sections 82.01 to 82.16, without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action arose."

"a duly licensed real estate broker or salesman at the time the alleged cause of action arose."

There is not a great deal of authority bearing on the effect of the failure to allege a statutory condition precedent in a complaint for recovery of damages.[2] It is necessary to consider whether such a condition relates to the right to the commission as distinguished from the remedy to enforce payment of it. The case before us is to be distinguished from those actions brought against a municipality where the right to bring such actions is statutory in its origin and the necessity for filing a claim in substantial compliance with the statute is made a condition precedent to the commencement of the action. It is important to note in this case that the plaintiff's claim is not statutory but rests upon the common-law right to recover for his services pursuant to an agreement. The provision of § 82.16 does not deprive the plaintiff of any contractual right which may have grown out of the transaction. The provision requiring the allegation and proof of the existence of a license is more in the nature of a statute of limitations, which creates a defense which might be waived by a defendant who fails to assert it.[3] It is established that a defendant, by answering to the merits and going to trial without in any manner attempting to avail himself of a statute of limitations, waives such defense, although it appears on the face of the complaint that the statute has run. Schmitt v. Hager, 88 Minn. 413, 93 N. W. 110; Hardwick v. Ickler, 71 Minn. 25, 73 N. W. 519; Board of County Commrs. v. Miller, 101 Minn. 294, 112 N. W. 276; 11 Dunnell, Dig. (3 ed.) § 5661. The same rule applies here. We conclude that Minn. St. 82.16 is remedial; it regulates or limits the enforcement of a right and provides a defense which may be waived.

It is unnecessary to comment on other points raised by the defendant. It was developed by the defendant on cross-examination that the plaintiff was in fact a licensed real estate dealer at the time the cause of action

---

[2] 1 Am. Jur. (2d) Actions, § 73; 41 Am. Jur., Pleading, § 93; Note, 43 Va. L. Rev. 411; 5 Dunnell, Dig. (3 ed.) § 2348.

[3] McShane v. Quillin, 47 Idaho 542, 277 P. 554; Lobstein v. Watson (Tex. Civ. App.) 186 S. W. (2d) 999.

arose. There is no contention that the defendant was disadvantaged by reason of surprise or prejudice as a result of the alleged deficiency in the complaint.

Affirmed.