Owen GAHAGAN, Plaintiff,

v.

Gerald S. PATTERSON, Estate of John Patterson, deceased, Mazie Patterson and Erna Patterson, Defendants.

No. 1–70–Civ–73.

United States District Court,
D. Minnesota,
First Division.

Oct. 2, 1970.

Dennis A. Challeen, Winona, Minn., for plaintiff.

Norman R. Carpenter, Minneapolis, Minn., for defendant Gerald S. Patterson.

Ronald L. Seeger, Rochester, Minn., attorney for defendants Estate of John Patterson, deceased, Mazie Patterson and Erna Patterson.

MEMORANDUM & ORDER

DEVITT, Chief Judge.

Two issues are presented here by motions to quash service of process and for

dismissal. The first issue is as to the legal effectiveness of service of process upon a nonresident defendant. The second issue is as to the sufficiency of plaintiff's complaint to state a claim upon which relief can be granted.

Plaintiff Owen Gahagan, a citizen of the State of Wisconsin, commenced this action against Gerald S. Patterson, a citizen of the State of Illinois, and the Estate of John Patterson, Mazie Patterson and Erna Patterson, citizens of the State of Minnesota, for recovery of commissions. Gerald Patterson was personally served with summons and complaint in Chicago, Illinois.

The complaint alleges that Gerald Patterson, acting for and in behalf of the Estate of John Patterson, Mazie Patterson and Erna Patterson, contracted with plaintiff to obtain a purchaser for certain assets owned by the Estate of John Patterson, Mazie Patterson and Erna Patterson. The pleadings, records and affidavits reflect that the alleged contract was in the form of an oral agreement and that the assets consisted of real estate and other business assets of a going concern, Patterson Quarries, Inc., located in Saint Charles, Minnesota. Plaintiff alleges that he performed the contract by securing a purchaser whose residence was La Crosse, Wisconsin, and that defendants have refused upon demand to make payment of the commissions due him.

■ Plaintiff rests his assertion of federal jurisdiction on diversity of citizenship. In diversity cases, service of process must be made, and personal jurisdiction over defendants obtained, in accordance with the Federal Rules of Civil Procedure. Fed.R.Civ.P. 1. Rule 4 governs service of process, and paragraph (f) of that rule prescribes the general territorial limits upon which a federal district court may issue process:

"*Territorial Limits of Effective Service.* All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the

United States or by these rules, beyond the territorial limits of that state." Fed.R.Civ.P. 4(f).

Thus, unless otherwise authorized, extraterritorial service of process on Gerald Patterson in Illinois in this case does not operate to confer jurisdiction upon this Court over the person of the defendant.

In this regard it is necessary to consider Rule 4(e) which permits extraterritorial service of process in federal court actions when the law of the state in which the district court sits allows such service in its own courts. Fed.R. Civ.P. 4(e). See 2 Moore, Federal Practice, § 4.32. If extraterritorial service of process in this case is authorized by Minnesota law, then such service would be as authorized by Rule 4 and sufficient to support personal jurisdiction over Gerald Patterson.

■ The pertinent Minnesota "long-arm" statute authorizes personal jurisdiction over nonresident individuals only in a limited number of situations, where the nonresident individual:

"(a) Owns, uses, or possesses any real or personal property situated in this state, or

(b) Transacts any business within the state, or

(c) Commits any tort in Minnesota causing injury or property damage, or

(d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if, (1) at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade." Minn. Stat.Ann. § 543.19.

None of the above apply to this action as it relates to Gerald Patterson. The action does not arise out of Gerald Patterson's ownership, use or possession of property in Minnesota; rather the substance of the action concerns an alleged

agreement for commissions for the sale of property owned by the other defendants. According to an affidavit filed by the plaintiff, the alleged agreement occurred by way of a telephone conversation between plaintiff in Wisconsin and Gerald Patterson in Illinois. There is no showing that Patterson transacted any business within Minnesota. Finally, the action is not in tort, rather it is in contract.

■ Jurisdiction over the person of Gerald Patterson cannot be sustained, for extraterritorial service of process was authorized neither by the Federal Rules of Civil Procedure nor by the Minnesota "long-arm" statute. The fact that Gerald Patterson entered an appearance and made a motion to dismiss for failure to state a claim upon which relief can be granted prior to his amended motion to quash service of process did not constitute a waiver of his right to challenge the personal jurisdiction of this Court. See, e. g., Harrison v. Prather, 404 F.2d 267 (5th Cir. 1968); Martens v. Winder, 341 F.2d 197 (9th Cir. 1965), cert. denied, 382 U.S. 937, 86 S.Ct. 391, 15 L.Ed.2d 349 (1965); MacNeil v. Whittemore, 254 F.2d 820 (2nd Cir. 1958).

■ Further, this action must be dismissed as to all of the defendants because of plaintiff's failure to state a claim upon which relief can be granted. It is not necessary to consider Minnesota's conflict of laws rules so as to determine whether the state law of Minnesota or Wisconsin would govern the rights of the parties to this diversity of citizenship action,[1] since under the law of either state the result would be the same; each state having a statute which bars actions for recovery of commissions in cases such as this unless the plaintiff is a duly licensed real estate broker or salesman.

Minnesota Statute § 82.16, subdivision (2), provides:

"*Necessity of licensing.* No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any acts mentioned in Minnesota Statutes, Sections 82.01 to 82.16, without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action arose." Minn.Stat. Ann. § 82.16(2).

The acts to which reference is made in the foregoing subdivision are acts comprising the activities of a real estate broker. Explanation is given by the statute's definition of "real estate broker" and "business opportunity broker."

"*Real estate broker.* 'Real estate broker' means any person, including 'business opportunity broker' as defined in subdivision 6, who, for a fee, commission or other valuable consideration, or who with the intention or expectation of receiving or collecting the same, lists, sells, purchases, exchanges, rents, or leases any real estate, or the improvements thereon, including options, or who negotiates or attempts to negotiate any such activity; * * * and shall include any person employed by or on behalf of the owner or owners of lots or other parcels or real estate, at a stated salary, or upon a fee, commission, or otherwise, to sell such real estate, or any parts thereof; * * * and shall include also any person, who for another, and for a fee, commission, or other valuable consideration, sells, exchanges, buys or rents or offers, or attempts to negotiate a sale, exchange, purchase or rental of any business, its goodwill, inventory, fixtures, or an interest therein * * *." Minn.Stat.Ann. § 82.01(4).

---

1. Under the rule of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts are bound to apply the substantive law of the state in which the action is maintained, including that state's conflict of laws rules. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (1941).

*"Business opportunity broker.* 'Business opportunity broker' means any person, who for another, and for a commission, money or other thing of value, sells, exchanges, buys or rents or offers or attempts to negotiate a sale, exchange, purchase or rental of any business, its goodwill, inventory, fixtures or an interest therein; any reference to real estate broker contained herein shall apply, so far as applicable, to a business opportunity broker." Minn.Stat.Ann. § 82.01(6).

It has been stated by the Minnesota Supreme Court that a plaintiff's failure to allege and prove his licensed status operates to bar recovery: " * * * a claim for real estate sale commissions may be defeated by failure to allege and prove in an action for payment that the person bringing the action was a duly licensed real estate broker or salesman at the time the alleged cause of action arose." Albers v. Fitschen, 274 Minn. 375, 143 N.W.2d 841 (1966).

Similarly, Wisconsin Statute § 136.11 provides:

*"Limitation on actions for commissions.* No person engaged in the business or acting in the capacity of a real estate or business opportunity broker or salesman within this state shall bring or maintain an action in the courts of this state for the collection of a commission or compensation for the performance of any act mentioned in this chapter without alleging and proving that he was a duly licensed broker or salesman, at the time the alleged cause of action arose." Wis. Stat. § 136.11.

The Wisconsin statute's definition of a "real estate broker" is as follows:

" 'Real estate broker' means any person * * * who:

(a) For another, and for commission, money or other thing of value, sells, exchanges, leases or rents, or offers or attempts to negotiate a sale, exchange,

purchase, or rental of an interest or estate in real estate; or * * *

(2) (d) For another, and for commission, money or other thing of value, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of any business, its good will, inventory, fixtures or an interest therein." Wis. Stat. § 136.01.

This statute has been construed by the Wisconsin Supreme Court in Kemmerer v. Roscher, 9 Wis.2d 60, 100 N.W.2d 314 (1960), in which the court indicated that the burden of alleging and proving the fact of licensing rested upon the plaintiff, and that if not licensed he was barred from pursuing his remedy for recovery of commissions. See also George Nangen & Co. v. Kenosha Auto Transport Corp., 238 F.Supp. 157 (Wis.1965).

Even if plaintiff's action here was an isolated real estate transaction recovery is still barred since the law of neither state makes exception for isolated transactions.[2] See Minn.Stat.Ann. § 82.- 02 and Wis.Stat. 136.01(6).

Finally, if Wisconsin law were to apply, plaintiff would be further barred from recovery by the Wisconsin statute which provides that contracts for real estate commissions are void unless in writing.

"Real estate agency contracts. (1) Every contract to pay a commission to a real estate agent or broker or to any other person for selling or buying real estate shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission." Wis.Stat. § 240.10.

2. The isolated transaction exception which was a part of the Minnesota statute was repealed in 1967. Laws 1967, Chap. 78, § 1.

This provision is strictly construed by the Wisconsin courts. Raskin v. Hack, 16 Wis.2d 296, 114 N.W.2d 483 (1962).

The complaint here does not allege that plaintiff was a licensed real estate broker or salesman in either Minnesota or Wisconsin at the time the alleged cause of action arose. Moreover, in the answer to requests for admissions of fact plaintiff admits that he was not a licensed real estate broker or salesman in either state. Consequently, plaintiff is barred from bringing or maintaining this action to collect commissions for the alleged sale of assets owned by the Estate of John Patterson, Mazie Patterson and Erna Patterson. The complaint does not state a redressable claim. See International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service, 400 F.2d 465 (5th Cir. 1968); Pointer v. American Oil Co., 295 F.Supp. 573 (S.D.Ind. 1969); George Nangen & Co. v. Kenosha Auto Transport Corp., *supra*; Albers v. Fitschen, *supra*; Kemmerer v. Roscher, *supra*.

Service of summons on Gerald S. Patterson is quashed and the action against all defendants is

Dismissed.