Leon Trawick, Minneapolis, Minn., for plaintiff.

Paula Osborn, St. Paul, Minn., for defendant.

## MEMORANDUM

RENNER, District Judge.

This is the second time the Court has considered a defense motion for summary judgment. On March 28, 1980, the motion was denied because there appeared to be factual uncertainties regarding plaintiff's status under Minn.Stat. § 82.33. Those factual issues have now been resolved. There being no issue of material fact remaining for trial, the Court has determined that defendants are entitled to judgment as a matter of law.

Plaintiff brings this action to recover a real estate broker's commission it claims is owed by defendants in connection with the 1974 sale of certain property located in St. Paul, Minnesota. The claim is based on the following contract provision:

> [F]irst party [defendant] agrees to pay Dellwood Enterprises, Inc., a commission in the amount of $50,000.00 for the sale of property to the second party [Wheelock Enterprises, Inc.]. The entire commission shall be paid on the day of the final payment of the Contract for Deed.

Defendants deny that plaintiff is entitled to receive a commission and raise, in their answer, a number of defenses including the strictly legal defense that plaintiff is barred by Minn.Stat. § 82.33 from bringing suit to collect a broker's commission. It is this

**DELLWOOD ENTERPRISES, INC., a Minnesota Corporation**

v.

**PACIFIC AMERICAN REAL ESTATE FUND, 1971, a limited partnership of the State of California, and Pacific American Real Estate Fund Limited, a Hawaii corporation.**

**Civ. No. 3–79–115.**

United States District Court, D. Minnesota, Third Division.

Jan. 20, 1981.

legal defense upon which defendants base their motion for summary judgment.

Minn.Stat. § 82.33 provides that:

[n]o person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts for which a license is required under this chapter without alleging and proving that he was a duly licensed real estate broker or salesperson at the time the alleged cause of action arose.

Among the acts for which a real estate broker's license is required is that of acting as a broker. Minn.Stat. § 82.19, subd. 1. A broker is defined, in part, as any person who

[f]or another and for commission, fee or other valuable consideration with the intention or expectation of receiving the same directly or indirectly lists, sells, exchanges, buys or rents, manages, or offers or attempts to negotiate a sale, option, exchange, purchase or rental of an interest or estate in real estate, or advertises or holds himself or itself out as engaged in such activities. . . .

Minn.Stat. § 82.17, subd. 4.

Deposition testimony of A. T. Gearman and Phillip Foley confirms defendants' claim that plaintiff acted as a broker within the meaning of Minn.Stat. § 82.19, subd. 1. Gearman is president of both Wheelock Enterprises, Inc., the purchaser of the property, and plaintiff. Foley is vice-president of plaintiff.

In his deposition, Gearman stated that plaintiff, acting through Foley, was instrumental in effecting the sale, that it negotiated the final price, and that plaintiff would be paid a commission when the contract for deed was finally paid. Gearman deposition, pp. 14–19. Foley testified, in deposition, that he participated in the transaction as a representative of plaintiff, that he obtained rent rolls and other records to show Gearman that which he was purchasing, that plaintiff acted as middleman in the deal, that he understood plaintiff would receive a commission, that it was the only broker in the transaction and that the basis

of the present action was to recover the $50,000 broker's commission. Foley deposition, pp. 9–17. Both men also testified that Wheelock Enterprises, Inc., and plaintiff are separate corporate entities and that neither they nor the corporations were licensed real estate brokers. Gearman deposition, pp. 5–6; Foley deposition, p. 4.

The Minnesota Supreme Court has interpreted Minn.Stat. § 82.33 literally, stating that

[t]he provisions of § 82.16 [the forerunner of the present § 82.33] are penal in their nature in that a claim for real estate sale commissions may be defeated by failure to allege and prove in an action for payment that the person bringing the action was "a duly licensed real estate broker or salesman at the time the alleged cause of action arose."

*Albers v. Fitschen*, 274 Minn. 375, 143 N.W.2d 841, 843 (1966).

More recently, the Minnesota Court held that an unlicensed broker could not bring suit in Minnesota either to collect a commission on an unjust enrichment theory or to recover only costs. *Relocation Realty Services Corp. v. Carlson Companies, Inc.*, 264 N.W.2d 643 (Minn.1978). To hold otherwise, the Court reasoned, would "decrease the risks of doing business by unlicensed brokers and dilute the protections provided to the public." Id., at 646.

The United States District Court has also applied the Minnesota statute strictly, holding that a complaint which does not allege that plaintiff is a licensed broker fails to state a redressable claim. *Gahagan v. Patterson*, 316 F.Supp. 1099 (D.Minn.1970) (Devitt, J.).

Despite this contrary authority, plaintiff, citing *Paske v. Liberty Equities Corp.*, 283 Minn. 167, 167 N.W.2d 30 (1969), argues that the strict prohibitions of the licensing statute should not control this action. Plaintiff argues with some logic when it asserts that these sophisticated defendants, who were represented by counsel at the time of the transaction, should not be enti-

tled to the protection of a statute designed to protect an unwary public.[1]

In *Paske*, the Minnesota Supreme Court found that where a defendant sought plaintiff's services, knowing he was not licensed, and received the benefit of those services, the legislative purposes of the statute would not be served by denying plaintiff's right to recover his commission. The *Paske* case was, however, decided under a forerunner of the present § 82.33. That earlier statute specifically provided an exception to the licensing requirements for an isolated real estate transaction. That exception was deleted by L. 1967, c. 73, § 1. *Id.*

Since the 1967 deletion, courts interpreting § 82.33 have not concerned themselves with the equities of applying the statute to the facts presented. The focus now is on whether plaintiffs have performed broker's services while they were unlicensed. *See Gahagan v. Patterson supra; Relocation Realty Services Corp. v. Carlson Companies, Inc., supra.*[2] Such is the proper focus in this instance.

█ It is clear that plaintiff performed broker's services while unlicensed. The statutory provision, being penal in nature, must be strictly construed. Plaintiff's failure to allege and prove that it was duly licensed bars its action.

Accordingly, defendants' motion for summary judgment is granted.

---

**1.** Plaintiff also cites *Dick Weatherston's Associated Mechanical Services, Inc. v. Minnesota Mutual Life Ins. Co.*, 257 Minn. 184, 100 N.W.2d 819 (1960), as authority for its argument. However, the licensing provision construed in that case provided merely that it was unlawful for a person to practice, among other occupations, architecture or professional engineering unless that person was qualified by registration under Minn.Stat. §§ 326.02 to 326.-16. The Minnesota Supreme Court found that the transaction involved came within an exception to the prohibition of the statute. Minn. Stat. § 82.33 has no such exceptions.

**2.** Additionally, in *Gahagan, supra*, plaintiff's suit was dismissed under facts more adverse than those presented herein. In that case, the broker's services were solicited by defendant. Here, plaintiff, through Foley, approached the defendants, seeking to purchase the property. *See* Memorandum in Opposition to Defendant's Motion for Summary Judgment, dated March 13, 1980.