653 F.2d 350
 DELLWOOD ENTERPRISES, INC., a Minnesota Corporation, Appellant,
v.
PACIFIC AMERICAN REAL ESTATE FUND, 1971 (a Limited
Partnership, Under the Laws of the State of
California), and Pacific American Real
Estate Fund Limited (a Hawaii
Corporation), Appellees.
 No. 81-1191.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 6, 1981.
Decided July 10, 1981.
 
 Leon A. Trawick, Trawick & Smith, P. A., Minneapolis, Minn., for appellant.
 W. P. Studer, Paula D. Osborn, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., for appellees.
 Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Dellwood Enterprises, Inc., appeals from an order of the district court granting summary judgment in favor of the defendants Pacific American Real Estate Fund, 1971, a limited partnership under the laws of California, and Pacific American Real Estate Fund Limited, a Hawaii corporation.
 
 
 2
 The facts underlying the dispute are as follows: At some time in 1974, Phillip R. Foley learned that the "Minnesota Building" located in St. Paul, Minnesota, was for sale. He shared this information with his business associate, Arvin T. Gearman, and they entered into a series of negotiations with the defendants, owners of the building. In December of 1974, the defendants entered into a contract for deed to sell the building to Wheelock Corporation, a Minnesota corporation of which Gearman is President and sole shareholder. In connection with the sale, Foley and Gearman cosigned a $100,000 note. A provision of the contract for deed provided that, upon final payment of the contract, the defendants would pay a commission of $50,000 to Dellwood Enterprises, a Minnesota corporation of which Gearman is President, Foley is Vice President, and all corporate stock is held by them in equal shares. The contract for deed was paid in full as of October, 1978. When the defendants refused to pay a commission to Dellwood, the plaintiff brought this action to recover the amount allegedly owed.
 
 
 3
 In their motion for summary judgment, the defendants asserted that Dellwood was barred from recovering the commission under Minnesota Statutes § 82.33 because neither Dellwood nor its officers/shareholders were licensed real estate brokers. The district court agreed with this position. We affirm on the basis of the district court's, 505 F.Supp. 187, opinion.