**Vernon E. REDISKE, Appellant,**

v.

**Paul JOHNSON, d.b.a. P & R Realty, Respondent.**

**No. C9–87–733.**

Court of Appeals of Minnesota.

Nov. 24, 1987.

Mark G. Stephenson, Rochester, for appellant.

Jerrold M. Hartke, So. St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

Vernon Rediske, a real estate agent, brought this action against Paul Johnson, a real estate broker, for Rediske's share of Johnson's commission, damages for Johnson's interference with contractual relations and for punitive damages. Johnson counterclaimed for malicious prosecution. After discovery, Johnson moved for summary judgment. The trial court granted Johnson's motion and dismissed the case. Rediske appeals on the grounds that the trial court erred in applying Minn.Stat. § 82.33 (1986) to this case and that the trial court erred in granting summary judgment on all issues when only the application of Minn.Stat. § 82.33 was argued at the summary judgment hearing. We reverse and remand.

## FACTS

Rediske first met Johnson sometime in 1980. Rediske testified that he first intro-

duced Johnson to Robert Lager in his office. Lager is known in the trade as a "bird dog," one who matches investors with property. Rediske testified that he had considered Lager his client since early 1980. From 1981 to 1985, Rediske introduced Lager to a number of realtors while locating property for Lager. Rediske testified that he arranged several successful deals and also wrote some unsuccessful offers for Lager.

Rediske and Johnson worked together in showing Lager farm properties. Sometime in 1981, when Johnson had a particular offer involving Lager, Rediske and Johnson discussed splitting commissions. This offer fell through.

The same evening that the offer was rejected, Johnson showed Lager the Muetzel farm. The next day Johnson showed Lager the Muetzel farm again. The Muetzel farm was eventually bought by a group of investors through Lager. The contract for deed dated August 1982 splits the commission equally between Johnson and Richard Day, the broker who co-listed the Muetzel farm with Johnson.

Rediske testified that he met with Norwest bankers to discuss part of the loan for closing the Muetzel farm. Rediske also testified that he located the title maps for the Muetzel farm, talked to the owner, Forrest Muetzel, and discussed appraisals of the Muetzel property with Lager. Mr. Milam, Rediske's broker, attended the closing of the Muetzel farm.

After the closing, Rediske brought this suit claiming a share of Johnson's commission, damages for Johnson's interference with his contractual relations with Lager and for punitive damages. Johnson counterclaimed for malicious prosecution. After discovery, the trial court granted Johnson's motion for summary judgment and Rediske appeals.

## ISSUES

1. Did the trial court err in applying Minn. Stat. § 82.33 (1986)?

2. Did the trial court err in dismissing Rediske's claim of interference with contractual relations?

3. Did the trial court err in dismissing Rediske's claim for punitive damages?

## ANALYSIS

On appeal from a summary judgment, the appellate court determines (1) whether any genuine issues of material fact exist and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979); *see* Minn.R.Civ.P. 56. The court must view the evidence in the light most favorable to the nonmoving party. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981). Any doubt as to the existence of a material fact must be resolved in favor of finding a fact issue exists. *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974). Summary judgment is a "blunt instrument" and "should be employed only where it is perfectly clear that no issue of fact is involved." *Donnay v. Boulware,* 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966).

■ a. The trial court applied Minn. Stat. § 82.33 (1986) to the oral agreement between the parties, decided that the statute required such an agreement to be in writing and granted summary judgment to Johnson on that basis. The trial court erred in applying the 1986 version of Minn. Stat. § 82.33 when the cause of action arose in 1982. Minn.Stat. § 82.33, subd. 2 (1982), states:

No person required by this chapter to be licensed shall bring or maintain any action in the courts for any commission, fee or other compensation with respect to the sale, lease or other disposition or conveyance of real property, or with respect to the negotiation or attempt to negotiate any sale, lease or other disposition or conveyance of real property unless such property was first listed in writing for sale, lease or other disposition with the person bringing or maintaining the action.

Minn.Stat. § 82.33 (1982) involves listing agreements which are agreements between

brokers and other brokers or between a broker and a vendor (*e.g.*, homeowner). Minn.Stat. § 82.33 had been enacted to protect the public from unqualified or unreliable real estate brokers and salesmen. *Albers v. Fitschen*, 274 Minn. 375, 376, 143 N.W.2d 841, 843 (1966) (citing Minn.Stat. § 82.16, which was replaced by Minn.Stat. § 82.33 in 1973). The 1982 version of Minn.Stat. § 82.33 is inapplicable in a suit between a real estate salesperson and a broker.

Here, the agreement was merely an oral contract which may have been breached. Each party testified as to their understanding. Relying on general trade custom, Rediske believed that the agreement to share commissions covered any property Lager bought through Johnson. On the other hand, Johnson claims the agreement was limited to the prospective sale from the offer he had at the time of the discussion. Since there is a genuine issue as to the scope of the parties' oral agreement, summary judgment was improper.

■ b. The trial court erred in granting summary judgment on the issue of interference with contractual relations based on a lack of evidence. The record shows that the motion for summary judgment, though not titled as a motion for partial summary judgment, was treated as a motion for summary judgment on the issue of the commission split only. The issue of interference with contractual relations was not briefed or argued. Evidence was not presented on this issue because the focus of the summary judgment was the applicability of Minn. Stat. § 82.33. Thus the trial court erred in granting summary judgment on this issue.

■ c. The trial court dismissed the punitive damages claim because punitive damages are not available for breach of contract where the breach does not amount to an independent tort. *Barr/Nelson, Inc. v. Tonto's, Inc.* 336 N.W.2d 46, 52 (Minn.1983) ("An intentional breach, in and of itself, is not enough to justify an award of punitive damages, where it does not amount to an independent tort.") However, the issue of interference with contractual relations re-

mains and may provide a basis for punitive damages.

## DECISION

The trial court erred in applying Minn. Stat. § 82.33 (1986) rather than Minn.Stat. § 82.33 (1982) in granting summary judgment on the commission-splitting issue. The trial court erred in granting summary judgment on the interference with contractual relations and punitive damages claims because neither issue was presented to the court for summary judgment.

Reversed and remanded for trial.